Andres F. Quintana (SBN 190525)
**QUINTANA LAW GROUP**
A Professional Law Corporation
Warner Center Tower
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367
Telephone: (818) 914-2100
Facsimile: (818) 914-2101
Email: andres@qlglaw.com

Attorneys for Defendants
eSealife, Inc. and eSealife Acquatics, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA LOGIC, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ESEALIFE, INC., a Texas corporation, formerly known as AQUALOGICS, INC.; ESEALIFE AQUATICS, INC., a Texas corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 07 CV 2119 H (POR)<br><br>**ANSWER OF DEFENDANTS ESEALIFE, INC. AND ESEALIFE AQUATICS, INC. TO THE COMPLAINT OF PLAINTIFF AQUA LOGIC, INC.**<br><br>[Complaint Filed On December November 5, 2007]<br><br>**DEMAND FOR JURY TRIAL** |

Defendants eSealife, Inc. and eSealife Aquatics, Inc. (collectively referred to as "Defendants") hereby answer the Complaint of Plaintiff Aqua Logic, Inc. ("Plaintiff") as follows:

1. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 1 of the Complaint, and on that basis deny them.

2. Defendants admit that Defendant eSealife, Inc. is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business at 4647 Pine Timbers Street, Suite 120, Houston, Texas 77041. Defendants further admit that Defendant eSealife, Inc. was incorporated on or

around August 5, 2003. Defendants further admit that Aqualogics adopted eSealife, Inc. as its entity name on or around May 4, 2007. Defendants deny each of the remaining allegations in paragraph 2 of the Complaint.

3. Defendants admit that Defendant eSealife Aquatics, Inc. is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business at 4647 Pine Timbers Street, Suite 120, Houston, Texas 77041. Defendants deny each of the remaining allegations in paragraph 3 of the Complaint.

4. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 4 of the Complaint, and on that basis deny them.

5. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 5 of the Complaint, and on that basis deny them.

6. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 6 of the Complaint, and on that basis deny them.

7. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 7 of the Complaint, and on that basis deny them.

8. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 8 of the Complaint, and on that basis deny them.

9. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 9 of the Complaint, and on that basis deny them.

10. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 10 of the Complaint, and on that basis deny them.

11. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 11 of the Complaint, and on that basis deny them. The Defendants further respond to the allegations contained in paragraph 11 of the Complaint that the documents speak for themselves.

12. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 12 of the Complaint, and on that basis deny them.

13. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 13 of the Complaint, and on that basis deny them. The Defendants further respond to the allegations contained in paragraph 13 of the Complaint that the documents speak for themselves.

14. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 14 of the Complaint, and on that basis deny them.

15. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 15 of the Complaint, and on that basis deny them.

16. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 16 of the Complaint, and on that basis deny them. The Defendants further respond to the allegations contained in paragraph 16 of the Complaint that the documents speak for themselves.

17. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 17 of the Complaint, and on that basis deny them.

18. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 18 of the Complaint, and on that basis deny them.

19. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 19 of the Complaint, and on that basis deny them.

20. Defendants admit that on or about August 5, 2003, Defendant eSealife, Inc. began using AQUALOGICS in connection with an aquarium and aquatic product business in interstate commerce. Defendants lack information or belief sufficient to admit or deny the remaining allegations in paragraph 20 of the Complaint, and on that basis deny them.

21. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 21 of the Complaint, and on that basis deny them.

22. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 22 of the Complaint, and on that basis deny them.

23. Defendants lack information or belief sufficient to admit or deny the

allegations in paragraph 23 of the Complaint, and on that basis deny them.

2  24. Defendants lack information or belief sufficient to admit or deny the
3  allegations in paragraph 24 of the Complaint, and on that basis deny them.

4  25. Defendants admit that in December 2003, Defendant eSealife, Inc.
5  registered the http://www.aqlogics.com domain name. Defendants lack information
6  or belief sufficient to admit or deny the remaining allegations contained in
7  paragraph 25 of the Complaint, and on that basis deny them.

8  26. Defendants lack information or belief sufficient to admit or deny the
9  allegations contained in paragraph 26 of the Complaint, and on that basis deny them.

10  27. Defendants deny the allegations in paragraph 27 of the Complaint.

11  28. Defendants deny the allegations in paragraph 28 of the Complaint.

12  29. Defendants lack information or belief sufficient to admit or deny the
13  allegations in paragraph 29 of the Complaint, and on that basis deny them.

14  30. Defendants lack information or belief sufficient to admit or deny the
15  allegations in paragraph 30 of the Complaint, and on that basis deny them.

16  31. Defendants lack information or belief sufficient to admit or deny the
17  allegations in paragraph 31 of the Complaint, and on that basis deny them.

18  32. Defendants admit that in August 2006, Defendants received a cease and
19  desist letter from Plaintiff. Defendants lack information or belief sufficient to admit
20  or deny the remaining allegations in paragraph 32 of the Complaint, and on that
21  basis deny them.

22  33. Defendants admit the allegations in paragraph 33 of the Complaint. The
23  Defendants further respond to the allegations contained in paragraph 33 of the
24  Complaint that the documents speak for themselves.

25  34. Defendants lack information or belief sufficient to admit or deny the
26  allegations in paragraph 34 of the Complaint, and on that basis deny them.

27  35. Defendants deny the allegations in paragraph 35 of the Complaint.

28  36. Defendants deny the allegations in paragraph 36 of the Complaint.

4

07 CV 2119 H (POR)

Quintana Law Group, APC

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 38 of the Complaint, and on that basis deny them.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants hereby repeat and incorporate all admissions and denials of paragraphs 1 through 42, as if set forth fully herein.

44. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 44 of the Complaint, and on that basis deny them.

45. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 45 of the Complaint, and on that basis deny them.

46. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 46 of the Complaint, and on that basis deny them.

47. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 47 of the Complaint, and on that basis deny them.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants hereby repeat and incorporate all admissions and denials of paragraphs 1 through 42, as if set forth fully herein.

51. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 51 of the Complaint, and on that basis deny them.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants hereby repeat and incorporate all admissions and denials of paragraphs 1 through 42, as if set forth fully herein.

55. Defendants lack information or belief sufficient to admit or deny the

allegations in paragraph 55 of the Complaint, and on that basis deny them.

56.  Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 56 of the Complaint, and on that basis deny them.

57.  Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 57 of the Complaint, and on that basis deny them.

58.  Defendants deny the allegations in paragraph 58 of the Complaint.

59.  Defendants hereby repeat and incorporate all admissions and denials of paragraphs 1 through 42, as if set forth fully herein.

60.  Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 60 of the Complaint, and on that basis deny them.

61.  Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 61 of the Complaint, and on that basis deny them.

62.  Defendants admit that in December 2003, Defendant eSealife, Inc. registered the http://www.aqlogics.com domain name. Defendants lack information or belief sufficient to admit or deny the remaining allegations contained in paragraph 62 of the Complaint, and on that basis deny them.

63.  Defendants lack information or belief sufficient to admit or deny the allegations contained in paragraph 63 of the Complaint, and on that basis deny them.

64.  Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.  Defendants deny the allegations in paragraph 65 of the Complaint.

66.  Defendants deny the allegations in paragraph 66 of the Complaint.

67.  Defendants deny the allegations in paragraph 67 of the Complaint.

68.  Defendants hereby repeat and incorporate all admissions and denials of paragraphs 1 through 42, as if set forth fully herein.

69.  Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 69 of the Complaint, and on that basis deny them.

70.  Defendants lack information or belief sufficient to admit or deny the

allegations in paragraph 70 of the Complaint, and on that basis deny them.

71. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 71 of the Complaint, and on that basis deny them.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77. Defendants hereby repeat and incorporate all admissions and denials of paragraphs 1 through 42, as if set forth fully herein.

78. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 78 of the Complaint, and on that basis deny them.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants hereby repeat and incorporate all admissions and denials of paragraphs 1 through 42, as if set forth fully herein.

81. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 81 of the Complaint, and on that basis deny them.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

84. Defendants hereby repeat and incorporate all admissions and denials of paragraphs 1 through 42, as if set forth fully herein.

85. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 85 of the Complaint, and on that basis deny them.

86. Defendants admit the allegations in paragraph 86 of the Complaint.

87. Defendants admit that in December 2003, Defendant eSealife, Inc. registered the http://www.aqlogics.com domain name. Defendants lack information or belief sufficient to admit or deny the remaining allegations contained in paragraph 87 of the Complaint, and on that basis deny them.

88. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 88 of the Complaint, and on that basis deny them.

89. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 89 of the Complaint, and on that basis deny them.

90. Defendants deny the allegations in paragraph 90 of the Complaint.

91. Defendants deny the allegations in paragraph 91 of the Complaint.

92. Defendants deny the allegations in paragraph 92 of the Complaint.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

94. Defendants deny the allegations in paragraph 94 of the Complaint.

95. Defendants deny the allegations in paragraph 95 of the Complaint.

96. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 96 of the Complaint, and on that basis deny them.

97. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 97 of the Complaint, and on that basis deny them.

98. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 98 of the Complaint, and on that basis deny them.

99. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 99 of the Complaint, and on that basis deny them.

100. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 100 of the Complaint, and on that basis deny them.

101. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 101 of the Complaint, and on that basis deny them.

102. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 102 of the Complaint, and on that basis deny them.

103. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 103 of the Complaint, and on that basis deny them.

104. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 104 of the Complaint, and on that basis deny them.

105. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 105 of the Complaint, and on that basis deny them.

106. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 106 of the Complaint, and on that basis deny them.

107. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 107 of the Complaint, and on that basis deny them.

108. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 108 of the Complaint, and on that basis deny them.

109. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 109 of the Complaint, and on that basis deny them.

110. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 110 of the Complaint, and on that basis deny them.

111. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 111 of the Complaint, and on that basis deny them.

112. Defendants lack information or belief sufficient to admit or deny the allegations in paragraph 112 of the Complaint, and on that basis deny them.

113. Defendants deny the availability of each and every prayer for relief requested by Plaintiff in the Complaint.

114. Defendants deny each allegation in the Complaint not specifically admitted to be true.

## AFFIRMATIVE DEFENSES

115. As separate affirmative defenses to the Complaint, on the grounds that such defenses are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, the Defendants further allege as follow:

### First Affirmative Defense

116. The Complaint, and each purported claim set forth therein, fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

117. The Complaint, and each purported claim set forth therein, is barred by the doctrines of waiver, estoppel and/or laches based on the Plaintiff's wrongful conduct.

### Third Affirmative Defense

118. Plaintiff's injuries and damages, if any, were caused, in whole or in part, by its own conduct, acts and/or omissions and not the conduct of the Defendants.

### Fourth Affirmative Defense

119. Plaintiff's injuries and damages, if any, were caused, in whole or in part by the conduct of third parties and not the conduct of the Defendants.

### Fifth Affirmative Defense

120. Upon information and belief, Plaintiff has failed to mitigate its damages, if any.

### Sixth Affirmative Defense

121. The Complaint, and each purported claim set forth therein, is barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

122. Plaintiff has not suffered injury to its business or property due to any conduct by the Defendants that violates applicable laws or other legal duties.

### Eighth Affirmative Defense

123. The Defendants' conduct constituted the lawful exercise of their legal rights, which does not violate the trademark laws, or any other law.

### Ninth Affirmative Defense

124. If the Defendants' conduct were found to constitute infringement of Plaintiff's rights, the Defendants are innocent infringers, and Plaintiff's damages, if any, were caused in whole or in part, by the conduct of third parties.

### Tenth Affirmative Defense

125. Plaintiff is barred from obtaining any relief sought in the Complaint because it is misusing its intellectual property rights, if any, by unreasonably and unlawfully attempting to enforce them beyond the scope of such rights.

### Eleventh Affirmative Defense

126. The Defendants' use of Plaintiff's intellectual property, if any, constitutes nominative fair use and does not constitute infringement.

### Twelfth Affirmative Defense

127. Plaintiff is seeking relief for intellectual property rights over which it has no legal rights and/or control.

### Thirteenth Affirmative Defense

128. The causes of action alleged in the Complaint are barred by the statutes of limitation prescribed by California Code of Civil Procedure §343.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice, and that its request for damages and other relief be denied in full;

2. That the Defendants be awarded their attorneys' fees, costs and expenses in this action, pursuant applicable law; and

3. That the Defendants be awarded such further relief as this Court may deem fair and just.

DATED: January 9, 2008

QUINTANA LAW GROUP
A Professional Law Corporation

By: _____
Andres F. Quintana
Attorneys for Defendants
eSealife, Inc. and eSealife Aquatics, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 21650 Oxnard Street, Suite 700, Woodland Hills, California 91367.

On January 10, 2008, I served the document described as

**ANSWER OF DEFENDANTS ESEALIFE, INC. AND ESEALIFE AQUATICS, INC. TO THE COMPLAINT OF PLAINTIFF AQUA LOGIC, INC.**

on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[X]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on January 10, 2008 at Woodland Hills, California.

_____
Beatriz Singleton

# SERVICE LIST

Ross G. Simmons, Esq.
THE SIMMONS FIRM, ALC
11440 West Bernardo Court
Suite 390
San Diego, California 92127
Telephone: (858) 676-1668
Facsimile: (858) 676-1839

Attorneys for Plaintiff Aqua Logic, Inc.