1  Andres F. Quintana (SBN 190525)
   **QUINTANA LAW GROUP**
2  A Professional Law Corporation
   Warner Center Tower
3  21650 Oxnard Street, Suite 700
   Woodland Hills, California 91367
4  Telephone: (818) 914-2100
   Facsimile: (818) 914-2101
5  Email: andres@qlglaw.com

6  Attorneys for Defendants
   eSealife, Inc. and eSealife Acquatics, Inc.
7

8

9              **UNITED STATES DISTRICT COURT**

10              **SOUTHERN DISTRICT OF CALIFORNIA**

11
   AQUA LOGIC, INC., a California      )   CASE NO. 07 CV 2119 H (POR)
12 corporation,                        )
                                       )   **POINTS AND AUTHORITIES IN
13              Plaintiff,             )   SUPPORT OF MOTION OF THE
                                       )   QUINTANA LAW GROUP, APC TO
14         vs.                         )   WITHDRAW AS COUNSEL FOR
                                       )   DEFENDANTS ESEALIFE, INC.
15 ESEALIFE, INC., a Texas corporation,)   AND ESEALIFE AQUATICS, INC.;
   formerly known as AQUALOGICS,       )   DECLARATION OF ANDRES F.
16 INC.; ESEALIFE AQUATICS, INC., a    )   QUINTANA IN SUPPORT**
   Texas corporation; and DOES 1-10,   )
17 inclusive,                          )   Date:  May 19, 2008
                                       )   Time:  10:30 a.m.
18              Defendants.            )   Place: Department 13
                                       )
19                                     )   [Notice of Motion and Motion Filed
                                       )   Concurrently Herewith and [Proposed]
20                                     )   Order Lodged Concurrently Herewith]
   _____)
21

22

23

24

25

26

27

28

Quintana Law
Group, APC
                                                                    07 CV 2119 H (POR)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Quintana Law Group, APC ("QLG") moves this Court for an Order allowing it to withdraw as attorneys of record for Defendants eSealife, Inc. and eSealife Aquatics, Inc. (collectively "ESEALIFE" or "Defendants"), corporations that were organized under the laws of the State of Texas due to the fact that ESEALIFE is no longer an ongoing business entity, and, therefore, ESEALIFE has no apparent ability to (1) participate in and assist with the defense of the present litigation, and (2) pay both outstanding sums due and owing QLG for professional legal services rendered and to pay QLG future attorneys' fees and costs in this and other matters. The continuing representation of ESEALIFE has become unreasonably difficult, if not impossible. QLG respectfully requests that it be relieved as counsel for ESEALIFE. ESEALIFE has consented to QLG's withdrawal.

## II. BACKGROUND

On November 5, 2007, Plaintiff Aqua Logic, Inc. ("Aqua Logic" or "Plaintiff") filed its Complaint against ESEALIFE alleging, among other things, trademark infringement, dilution and cybersquatting. Declaration of Andres F. Quintana ("Quintana Decl."), ¶2. On or about January 10, 2008, ESEALIFE answered the complaint. Id. QLG has provided substantial professional legal services on behalf of ESEALIFE in this action.

On April 15, 2008, ESEALIFE informed QLG that it has shut its doors, is not generating revenue, and cannot afford to pay QLG for the attorneys' fees and costs it expects to incur in this case. Quintana Decl. ¶3. During a telephone conference with Andres Quintana on that day ESEALIFE also verbally agreed that QLG should withdraw from this case. Id.

## III. QLG'S REQUEST FOR LEAVE OF COURT TO WITHDRAW AS COUNSEL SHOULD BE GRANTED

Granting a request for withdrawal of representation is in the discretion of the

trial court. Whiting v. Lacara, 187 F.3d 317, 320 (2nd Cir. 1999); Fleming v. Harris, 39 F.3d 905, 908 (8th Cir. 1994); Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). QLG has appeared for ESEALIFE in connection with the above-captioned dispute.

Within the last several weeks, the attorney-client relationship between ESEALIFE and QLG has broken down, making continuing representation unreasonably difficult, if not impossible. See Quintana Decl. ¶¶3-7. First, ESEALIFE is apparently no longer an ongoing business in the State of Texas. Id. at ¶3. Thus, QLG's ability to conduct and respond to discovery, and prepare ESEALIFE's defense of Aqua Logic's complaint has been rendered virtually impossible. Id.

Second, aggravating these circumstances, QLG has provided substantial professional legal services on behalf of ESEALIFE in this lawsuit. Quintana Decl. ¶4. ESEALIFE currently owes QLG sums for these professional legal services. Moreover, since ESEALIFE is apparently no longer an ongoing business in the State of Texas, or anywhere, it is unlikely that QLG will be paid for these professional legal services. Id. at ¶¶3-4. The non-payment of attorneys' fees, by itself, is a valid basis for the Court to grant counsel's motion to withdraw. See McGuire v. Wilson, 735 F.Supp 83, 84-85 (S.D.N.Y. 1990) (attorney allowed to withdraw when attorneys fees unpaid); Boyle v. Revici No. 83 8997, 1987 WL 28707, *1 (S.D.N.Y. 1987) (withdrawal granted where attorney filed affidavit showing client's refusal to assure payment of monies due).

Further, the Rules of Professional Responsibility support withdrawal in the present circumstances, either where the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively" or where the client "breaches an agreement or obligation to the [attorney] as to expenses or fees." California Rules of Professional Conduct 3 700(C)(1)(d) and (f). Here, both situations exist.

QLG has given ESEALIFE written notice pursuant to Southern District Local

1  Rule CivLR 83.3(g)(3)(a) of QLG's intention to obtain leave to withdraw as counsel
2  in this case and the requirement that ESEALIFE appear through counsel and the
3  possible consequences of its failure to do so. Quintana Decl. ¶6. In response to that
4  information ESEALIFE verbally consented to this withdrawal by QLG. Id.

In addition, plaintiff Aqua Logic will not be prejudiced since QLG does not anticipate that ESEALIFE will request any continuance of the trial. Quintana Decl. ¶7.

Because of financial failure of ESEALIFE's business, the relationship between QLG and ESEALIFE has broken down to the point where QLG can no longer continue to effectively represent ESEALIFE. In sum, the circumstances eroding the relationship between ESEALIFE and QLG support withdrawal. Thus, QLG respectfully requests that it be allowed to withdraw from representing ESEALIFE in this action effective immediately.

### IV. CONCLUSION

For all of the foregoing reasons, QLG respectfully requests that its Motion to Withdraw as Counsel be granted.

DATED: April 18, 2008

QUINTANA LAW GROUP
A Professional Law Corporation

By: _____
Andrés F. Quintana
Attorneys for Defendants
eSealife, Inc. and eSealife Aquatics, Inc.

# DECLARATION OF ANDRES F. QUINTANA

I, Andres F. Quintana, declare:

1. I am an attorney at law duly licensed to practice before this court and am a principal of the Quintana Law Group, APC ("QLG"), counsel of record herein for defendants eSealife, Inc. and eSealife, Aquatics, Inc., corporations that were duly organized under the laws of the State of Texas ("ESEALIFE"). Unless otherwise stated, I have personal knowledge of the facts set forth herein and if called as a witness could competently testify thereto.

2. On November 5, 2007, plaintiff Aqua Logic, Inc. ("Aqua Logic") filed its Complaint against ESEALIFE alleging, among other things, trademark infringement, dilution and cybersquatting. On or about January 10, 2008, ESEALIFE answered the complaint.

3. ESEALIFE is apparently no longer an ongoing business entity in the State of Texas (or elsewhere), therefore, QLG's ability to conduct and respond to discovery and prepare ESEALIFE's defense of Aqua Logic's complaint has been (and will be) rendered virtually impossible. I was definitively informed of the fact that ESEALIFE is no longer doing business on or about April 15, 2008.

4. QLG has provided substantial professional legal services on behalf of ESEALIFE in this lawsuit. ESEALIFE currently owes QLG sums for these professional legal services. Since ESEALIFE is apparently no longer an ongoing business, it remains unlikely that ESEALIFE will pay both outstanding sums due and owing QLG for professional legal services rendered and to pay QLG future attorneys' fees and costs in this matter. ESEALIFE stated it cannot afford to pay QLG to provide its defense in this matter.

5. As a result of this breakdown in the relationship between ESEALIFE and QLG, QLG is no longer able to effectively represent ESEALIFE in connection with this dispute and, therefore, seeks leave to withdraw as counsel.

6. On April 15, 2008, after having prior discussions with ESEALIFE in

which it was informed of QLG's intention to move for leave to withdraw as counsel, I held a telephonic conference with the representative of ESEALIFE informing them of QLG's intention, and confirmed that communication in writing. Further, ESEALIFE was informed of the requirement that it appear through counsel and the possible consequences of its failure to do so. With QLG's provision of this information to ESEALIFE, ESEALIFE nonetheless indicated that it would consent to the withdrawal of QLG as ESEALIFE's attorneys of record.

7. QLG does not anticipate that ESEALIFE will request any continuance of the trial since ESEALIFE has been apprised of this Court's general policy of not granting continuances of trial without good cause shown and ESEALIFE has consented to QLG's request to withdrawal as counsel. Due to the attorney-client privilege, the attorney work product doctrine and the Rules of Professional Conduct, I have not attached any correspondence or other exhibits relating to my communications with ESEALIFE, nor have I attempted to describe my communications with ESEALIFE aside from confirming the required notices and ESEALIFE's consent to the withdrawal. To reiterate, if requested by the Court, I will submit a declaration in camera detailing the nature of the breakdown in the attorney-client relationship that necessitates the relief sought herein.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this was executed on the 18th day of April 2008 at Woodland Hills, California.

_____
Andres F. Quintana

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 21650 Oxnard Street, Suite 700, Woodland Hills, California 91367.

On April 18, 2008, I served the document described as

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE QUINTANA LAW GROUP, APC TO WITHDRAW AS COUNSEL FOR DEFENDANTS ESEALIFE, INC. AND ESEALIFE AQUATICS, INC.; DECLARATION OF ANDRES F. QUINTANA IN SUPPORT**

on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[X]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ]   BY NEXT-DAY DELIVERY: Via Federal Express. I am readily familiar with my employer's practice for the collection and processing of correspondence via Federal Express. In the ordinary course of business, this correspondence would be dropped off at the Federal Express office located at 21816 Victory Boulevard, Woodland Hills, California 91367.

[ ]   BY FACSIMILE: I caused such document to be sent via facsimile to the names and facsimile numbers listed below and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on April 18, 2008 at Woodland Hills, California.

*/s/ Beatriz Singleton*
Beatriz Singleton

## SERVICE LIST

Ross G. Simmons (SBN 144656)
**THE SIMMONS FIRM, ALC**
11440 West Bernardo Court, Suite 390
San Diego, California 92127

Attorneys for Plaintiff
Aqua Logic, Inc.

Mr. Ken Li
eSealife, Inc.
eSealife, Aquatics, Inc.
4647 Pine Timbers Street, Suite 120
Houston, Texas 77041

Officer of Defendants eSealife, Inc. and eSealife, Aquatics, Inc.

## PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 21650 Oxnard Street, Suite 700, Woodland Hills, California 91367.

On April 18, 2008, I served the document described as

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE QUINTANA LAW GROUP, APC TO WITHDRAW AS COUNSEL FOR DEFENDANTS ESEALIFE, INC. AND ESEALIFE AQUATICS, INC.; DECLARATION OF ANDRES F. QUINTANA IN SUPPORT**

on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[ ]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]   BY NEXT-DAY DELIVERY: Via Federal Express. I am readily familiar with my employer's practice for the collection and processing of correspondence via Federal Express. In the ordinary course of business, this correspondence would be dropped off at the Federal Express office located at 21816 Victory Boulevard, Woodland Hills, California 91367.

[ ]   BY FACSIMILE: I caused such document to be sent via facsimile to the names and facsimile numbers listed below and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on April 18, 2008 at Woodland Hills, California.

Beatriz Singleton

9

07 CV 2119 H (POR)

## SERVICE LIST

Mr. Ken Li
eSealife, Inc.
eSealife, Aquatics, Inc.
4647 Pine Timbers Street, Suite 120
Houston, Texas 77041

Officer of Defendants eSealife, Inc. and eSealife, Aquatics, Inc.