Ross G. Simmons (CA Bar No. 144656)
Juliette C. Gonsalves (CA Bar. No. 253369)
THE SIMMONS FIRM, ALC
11440 W. Bernardo Ct.
Suite 390
San Diego, CA 92127
Phone: (858) 676-1668
Facsimile: (858) 676-1839
Attorney for Plaintiff Aqua Logic, Inc.

# IN THE UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA LOGIC, INC., a California corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>ESEALIFE, INC., a Texas corporation, formerly known as AQUALOGICS, INC.; ESEALIFE AQUATICS, INC., a Texas corporation; and DOES 1-10, inclusive,<br><br>            Defendants. | **Case No. 3:07-cv-02119-H-POR**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATED ORDER VACATING DEFAULTS OF DEFENDANTS AND MOTION TO REINSTATE DEFAULTS**<br><br>**Date:  July 21, 2008**<br>**Time:  10:30 a.m.**<br>**Place:  Department 13**<br><br>**[Notice of Motion and Motion  Filed Concurrently Herewith and [Proposed] Order Lodges Concurrently Herewith]** |

## PRELIMINARY STATEMENT

Plaintiff moves herein for an order:

1. Relieving Plaintiff from the Joint Stipulation to Vacate the Defaults of Defendants eSealife, Inc. and eSealife Aquatics, Inc. ("joint stipulation") and, by extension, the Court's Order Vacating Default of Defendants eSealife, Inc. and eSealife Aquatics, Inc. ("order vacating defaults"); and

1        Memorandum of Law in Support of
Plaintiff's Motion for Relief from Stipulated
Order Vacating Defaults of Defendants and
Motion to Reinstate Defaults

2.  Reinstating the defaults against Defendants.

Plaintiff Aqua Logic, Inc. ("Aqua Logic") filed a complaint against Defendants eSealife, Inc. and eSealife Aquatics, Inc. ("Defendants" or "Defendants-corporations" alternatively) on November 5, 2007. On December 7, 2007, after Defendants had failed to answer or otherwise reply to Plaintiff's Complaint within the time allotted by the Federal Rules, Plaintiff filed a request for entry of default. The Clerk entered the defaults of both Defendants on December 11, 2007. On January 2, 2008, the parties filed a joint stipulation to vacate the defaults of Defendants; the Court granted the motion the following day. Counsel for Plaintiff, Ross G. Simmons ("Simmons") signed on to the joint stipulation out of professional courtesy and in the reasonable belief that the parties would be able move on to the merits of the case if the defaults were vacated. However, this has not been the case.

Defendants have been uncooperative and have hindered the instant proceedings on more than one occasion.[1]  For instance, in the course of Plaintiff's efforts to settle the case, Defendants-corporations, by and through their owner, Mr. Ken Li, agreed to contractual terms disposing of this matter, only to renege on the eve of their closing. Indeed, as is outlined in Plaintiff's Amended Complaint filed with the Court concurrently with this motion, Mr. Li has abused the corporate structure to commit fraud against Plaintiff. To wit, after being notified by Plaintiff on August 17, 2006, that his company Aqualogic, Inc.'s use of AQUALOGICS as a mark and trade name infringed Plaintiff's AQUA LOGIC mark, Mr. Li created Defendants as dummy corporations as alter egos in an attempt to defraud Plaintiff into settling with an irrelevant entity, thereby evading all contractual responsibility and liability. These actions amount to abuse of the legal process and, furthermore, had Plaintiff and Simmons been aware of

---

[1] This motion is being submitted concurrently with Plaintiff's Motion for Leave to Amend the Complaint to substitute the owner of Defendants-corporations, Mr. Ken Li, for Doe Defendant Number One. All of Defendants' actions cited herein are alleged to apply to Mr. Li as well, though the relief sought in this motion applies only to Defendants eSealife, Inc. and eSealife Aquatics, Inc.

2            Memorandum of Law in Support of
Plaintiff's Motion for Relief from Stipulated
Order Vacating Defaults of Defendants and
Motion to Reinstate Defaults

this misconduct at the time, they would never have stipulated to the vacating of the defaults against Defendants.

### A. PLAINTIFF SHOULD BE RELIEVED FROM THE ORDER VACATING THE DEFAULTS OF DEFENDANT ON THE GROUND OF FRAUD BY DEFENDANTS

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to set aside a judgment or order upon a showing of: "(3) fraud, misrepresentation, or other adversary misconduct; ... or (6) any other reason justifying relief from the operation of the judgment." With regard to the former, relief from an order may be permitted on the basis of misconduct where: (1) the moving party possessed a meritorious claim at trial, (2) the adverse party engaged in fraud, misrepresentation, or other misconduct, and (3) the adverse party's conduct prevented the moving party from fully and fairly presenting its case during trial. See Hutchins v. Zoll Med. Corp., 492 F.3d 1377, 1385-86 (Fed. Cir. 2007).

Plaintiff moves the Court for relief from a *pretrial* order based upon fraud committed against it by Defendants. As mentioned above, Mr. Li and his corporations have committed fraud against Plaintiff by inducing Plaintiff to settle with irrelevant entities. Had Plaintiff been aware of these facts at the time the joint stipulation was filed, Plaintiff never would have stipulated to the vacating of the defaults against Defendants. Because Plaintiff was unaware of the fraud being perpetrated against it, Plaintiff did not contest the vacating of the defaults as it surely would have done.

Because Plaintiff stipulated to the vacating of the defaults, Defendants were spared the responsibility of explaining to the Court its reasons for failing to answer or otherwise respond to Plaintiff's Complaint. Defendants' apparent lack of respect for the legal process makes them undeserving of such a free pass. Plaintiff therefore urges the Court to reinstate the defaults against Defendants, thereby requiring Defendants to justify their misconduct to the Court.

### B. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE RELIEVED FROM THE ORDER VACATING DEFAULTS OF DEFENDANTS IN THE INTERESTS OF JUSTICE

As a general rule, absent express limitation or a clear manifestation of intent to the contrary, pretrial stipulations remain binding between parties during subsequent proceedings. See Waldorf v. Shuta, 142 F.3d 601, 616 (3d Cir. 1998). Courts have, however, allowed for modification in "exceptional circumstances." See Kohn v. American Metal Climax, Inc., 458

3                Memorandum of Law in Support of
Plaintiff's Motion for Relief from Stipulated
Order Vacating Defaults of Defendants and
Motion to Reinstate Defaults

F.2d 255, 307 (3d Cir. 1998). Federal case law clearly establishes that a stipulation remains in effect unless a failure to modify or set aside would result in "manifest injustice."

In Waldorf v. Shuta, the Third Circuit listed four factors that courts have focused on in determining whether a refusal to alter or modify a stipulation would result in manifest injustice, which Plaintiff hereby submits for the Court's consideration: (1) the effect of the stipulation on the party seeking to withdraw the stipulation; (2) the effect on the other parties to the litigation; (3) the occurrence of intervening events since the parties agreed to the stipulation; and (4) whether evidence contrary to the stipulation is substantial.

### a. Effect of the stipulation on the party seeking to withdraw the stipulation

Enforcement of the joint stipulation would be unfair to Plaintiff. Without Plaintiff's acquiescence in the matter, it is questionable whether Defendants would have been granted relief from the defaults. According to Rule 55 of the Federal Rules of Civil Procedure, the court may set aside any entry of default for good cause. Defendants and counsel for Defendants never communicated to Simmons any reasons which establish good cause for their failure to answer the Complaint. As mentioned above, it was out of professional courtesy and eagerness to address the merits of the case, in addition to the opposing side's assurances that they were prepared to litigate the case fairly and responsibly, that Plaintiff and Simmons agreed to the joint stipulation. Because Plaintiff's acquiescence in the joint stipulation was acquired by false assurances, it would be wholly unfair to hold Plaintiff to this professional courtesy and consequent order.

### b. Effect on the other parties to the litigation

If the Court grants Plaintiff's motion, then defaults will be entered against Defendants. Defendants will then be required to justify their conduct to the Court. This is a task they would have been required to do in any case, pursuant to Rule 55 of the Federal Rules of Civil Procedure, had Plaintiff's acquiescence not been obtained through false assurances. Per the Federal Rules, if Defendants do not succeeding in establishing the "good cause" standard, Plaintiff will then be permitted to pursue default judgment against Defendants.

### c. Occurrence of intervening events since the parties agreed to the stipulation

As mentioned, it was only *after* Plaintiff agreed to the joint stipulation that Plaintiff and Simmons learned of Defendants' fraudulent conduct and Defendants' lack of cooperation in litigating this case. The fraudulent conduct of Defendants is critical to the question of whether

4        Memorandum of Law in Support of
Plaintiff's Motion for Relief from Stipulated
Order Vacating Defaults of Defendants and
Motion to Reinstate Defaults

Plaintiff should be relieved from the stipulated order because it shows that Defendants are not serious about litigating this case. Indeed, Plaintiff asserts that is was not for good cause that Defendants' failed to answer the Complaint, but rather their cavalier attitude toward the legal process.

### d.  Whether evidence contrary to the stipulation is substantial

The joint stipulation itself does not address the reasons for Defendants' failure to answer or otherwise respond to Plaintiff's Complaint. The facts and evidence in support of this motion are proffered to show (1) Defendants' misconduct and (2) that the joint stipulation would never have come about had Plaintiff been aware of such misconduct.

### CONCLUSION

In light of the foregoing, Plaintiff moves the Court for relief from the joint stipulation and order vacating defaults, and for the reinstatement of defaults against Defendants.

On this 18th day of June, 2008.

Respectfully submitted,

THE SIMMONS FIRM, A.L.C.

By: _____
Ross G. Simmons
Attorney for Plaintiff

5          Memorandum of Law in Support of
Plaintiff's Motion for Relief from Stipulated
Order Vacating Defaults of Defendants and
Motion to Reinstate Defaults

# PROOF OF SERVICE BY MAIL

I, Diana M. Niquette, declare that: I am over the age of 18 and not a party to the within action; I am employed in the County of San Diego, State of California, where the mailing occurs; and my business address is 11440 West Bernardo Court, Suite 390, San Diego, California 92127.

I further declare that I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

On June 18, 2008, I caused to be served the foregoing documents described as:

1. **Plaintiff's Notice of Motion and Motion for Relief From Stipulated Order Vacating Defaults of Defendants and Motion to Reinstate Defaults;**
2. **Memorandum of Law in Support of Motion For Relief From Stipulated Order Vacating Defaults of Defendants and Motion to Reinstate Defaults.**

by placing a true copy of the documents in an envelope addressed to counsel as follows:

Andres F. Quintana
**QUINTANA LAW GROUP, APLC**
Warner Center Tower
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367

I then sealed the envelope, with postage for certified mail, return receipt requested thereon fully prepaid, and I placed it for deposit in the United States Postal service, this same day, at my business address shown above, following ordinary business practices.

Executed on June 18, 2008 at San Diego, California.

Diana M. Niquette
Type or Print Name

Signature