Ross G. Simmons (CA Bar No.. 144656)
Juliette C. Gonsalves (CA Bar. No. 253369)
THE SIMMONS FIRM, ALC
11440 W. Bernardo Ct.
Suite 390
San Diego, CA 92127
Phone: (858) 676-1668
Facsimile: (858) 676-1839
Attorney for Plaintiff Aqua Logic, Inc.

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA LOGIC, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ESEALIFE, INC., a Texas corporation, formerly known as AQUALOGICS, INC.; ESEALIFE AQUATICS, INC., a Texas corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:07-cv-02119-H-POR<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND COMPLAINT<br><br>Date: July 21, 2008<br>Time: 10:30 a.m.<br>Place: Department 13<br><br>[Notice of Motion and Motion, Declaration of Ross G. Simmons Files Concurrently Herewith and [Proposed] Order Lodges Concurrently Herewith] |

## INTRODUCTION

This memorandum of law is submitted by Plaintiff Aqua Logic, Inc. ("Aqua Logic") in support of its Motion to Amend Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. By its motion, Plaintiff seeks to name Mr. Ken Li as Doe Defendant One (1).

///

///

**FACTUAL BACKGROUND**

Plaintiff's original complaint named the following defendants: eSealife, Inc. (formerly known as Aqualogics, Inc.), eSealife Aquatics, Inc., and Does One through Ten. Mr. Ken Li is the owner of both of the corporations named. Hence, the actions of these corporations are subject to Mr. Li's direction and control.

Since the commencement of this action, counsel for Plaintiff has discovered facts which implicate Mr. Li, in his personal capacity, in the illegal conduct alleged in Plaintiff's complaint. Namely, counsel for Plaintiff discovered that Mr. Li has abused the corporate structure by creating a dummy corporation to settle the case with Plaintiff while continuing to infringe Plaintiff's intellectual property rights through a second corporation.

In the first amended complaint, Plaintiff will allege that the same illegal conduct attributed to the original named Defendants was also committed by Mr. Li in his personal capacity. An additional count will be added to the complaint to allege that Mr. Li has used the corporations as his alter ego in order to commit fraud by abusing Plaintiff's intellectual property.

**ARGUMENT**

Based on the facts just recited, Mr. Li is an appropriate defendant to be substituted for Doe Defendant One (1). As the Defendant-corporations are organized under the laws of Texas, Texas common law will govern their internal affairs. Texas courts have long recognized the alter ego doctrine to prevent owners of corporations from hiding behind the corporate veil while committing fraud. See United States v. Jon-T Chemicals, Inc., 768 F.2d 686 (5th Cir. 1985) (acknowledging fraud as an exception to the doctrine of limited liability and listing the factors to be used in determining whether the corporate veil should be pierced). In order to ensure that all issues and all relevant parties are before the court, this motion should be granted.

Plaintiff's Motion to Amend is being filed while the case is still in the pre-trial phase. In addition, Defendants have been served with notice of this Motion. Given the timing of the

Motion, the parties to the action will not be unduly prejudiced. The amendment is thus required by justice, within the meaning of Rule 15(a) of the Federal Rules of Civil Procedure, and, according to that rule, leave to amend should be given "freely." See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962).

### NECESSITY OF MOTION

As set forth in the Declaration of Ross G. Simmons, counsel for Plaintiff, it was only after the initial pleadings had been filed that Plaintiff and counsel for Plaintiff discovered Mr. Li's actions in abusing the corporate structure. Mr. Li's actions have impeded the proper litigation of this case and, furthermore, all of the illegal conduct alleged in the original complaint is attributable to Mr. Li as owner of the defendant corporations.

### CONCLUSION

Plaintiff respectfully requests that the Court permit Plaintiff to amend its complaint to name Mr. Ken Li as Doe Defendant One (1).

On this 16th day of June, 2008.

Respectfully submitted,

THE SIMMONS FIRM, A.L.C.

By: _____
Ross G. Simmons
Attorney for Plaintiff

# PROOF OF SERVICE BY MAIL

I, Diana M. Niquette, declare that: I am over the age of 18 and not a party to the within action; I am employed in the County of San Diego, State of California, where the mailing occurs; and my business address is 11440 West Bernardo Court, Suite 390, San Diego, California 92127.

I further declare that I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

On June 18, 2008, I caused to be served the foregoing documents described as:

1. **Plaintiff's Motion and Notice of Motion for Leave to Amend Complaint to Name Doe Defendant Number One;**
2. **Memorandum of Law in Support of Motion to Amend Complaint;**
3. **Declaration in Support of Motion to Amend Complaint.**

by placing a true copy of the documents in an envelope addressed to counsel as follows:

Andres F. Quintana
**QUINTANA LAW GROUP, APLC**
Warner Center Tower
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367

I then sealed the envelope, with postage for certified mail, return receipt requested thereon fully prepaid, and I placed it for deposit in the United States Postal service, this same day, at my business address shown above, following ordinary business practices.

Executed on June 18, 2008 at San Diego, California.

Diana M. Niquette
Type or Print Name                                Signature