Exhibit A

1  Ross G. Simmons (CA BAR NO. 144656)
   Juliette C. Gonsalves (CA BAR NO. 253369)
2  THE SIMMONS FIRM, ALC
   11440 W. Bernardo Ct.
3  Suite 390
   San Diego, CA 92127
4  Ph: (858) 676-1668

5

6

7

8           IN THE UNITED STATES DISTRICT COURT FOR THE

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11 AQUA LOGIC, INC., a California      ) Case No.: 3:07-cv-02119-H-POR
   corporation,                        )
12                                     ) **FIRST AMENDED** COMPLAINT FOR
                                       ) TRADEMARK INFRINGEMENT,
13              Plaintiff,             ) TRADEMARK DILUTION, UNFAIR
                                       ) COMPETITION, CYBERSQUATTING,
14      vs.                            ) AND TRADE NAME INFRINGEMENT IN
                                       ) VIOLATION OF:
15 ESEALIFE, INC., a Texas            ) (i) Lanham Act § 32 (15 U.S.C.
   corporation, formerly known as      ) § 1114);
16 AQUALOGICS, INC.; ESEALIFE         ) (ii) Lanham Act § 43 (15 U.S.C.
   AQUATICS, INC., a Texas            ) § 1125(a));
17 corporation; **Ken Li, an**        ) (iii) Lanham Act § 43 (15
   **individual, and DOES 2**-10,     ) U.S.C. § 1125(c));
18 inclusive,                          ) (iv) Lanham Act § 43 (15 U.S.C.
                                       ) § 1125(d));
19              Defendants.            ) (v) Cal. Bus. & Prof. Code §
                                       ) 17200 et seq;
20                                     ) (vi) Cal. Bus. & Prof. Code §
                                       ) 14320;
21                                     ) (vii) Cal. Bus. & Prof. Code §
                                       ) 14330;
22                                     ) (viii) Cal. Bus. & Prof. Code §
                                       ) 14415; **and**
23                                     ) **(ix) Alter Ego.**
                                       )
24                                     ) Demand for Jury Trial
                                       )
25

26 Plaintiff Aqua Logic, Inc.; (sometimes referred to separately as

27 "Plaintiff," or as "Aqua Logic, Inc.") for its **FIRST AMENDED**

28 complaint against eSealife, Inc. ("EI"), formerly known as

Aqualogics, Inc. ("Aqualogics"), eSealife Aquatics, Inc. ("EAI"), **Ken Li, an individual, and Does Two** through Ten, inclusive (collectively "Defendants"), alleges as follows:

**THE PARTIES**

1.    Plaintiff Aqua Logic, Inc., is a corporation duly organized and existing under the laws of the State of California, with its principal place of business at 8268 Clairemont Mesa Boulevard, Suite 302, San Diego, California 92111.

2.    Upon information and belief, Defendant EI is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business at 4647 Pine Timbers, Suite 120, Houston, Texas 77041, having incorporated and used the trade name Aqualogics since on or around August 5, 2003. Aqualogics adopted EI as its entity name on or around May 4, 2007. Plaintiff is informed and believes, and thereupon alleges that EI has participated in, or is the successor in interest to, some or all of the infringing activities which are the subject of this **FIRST AMENDED** Complaint.

3.    Upon information and belief, Defendant EAI is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business at 4647 Pine Timbers, Suite 120, Houston, Texas 77041. Plaintiff is informed and believes, and thereupon alleges that EAI has participated in, or is the successor in interest to, some or all of the infringing activities which are the subject of this **FIRST AMENDED**

2

Complaint.

4.    Mr. Ken Li, an individual, resides at: 1307 Wilcrest Drive, #5008, Houston, Texas.  Upon information and belief, Mr. Li is, and at all times mentioned herein was, the owner and sole shareholder of Esealife, Inc. (formerly known as Aqualogics, Inc.) and eSealife Aquatics, Inc., both defendants in this action.

5.    The true names and capacities of Defendants sued herein as Does Two through Ten, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of these Defendants when it ascertains such information.  Plaintiff is informed and believes that each Defendant named herein as Does Two through Ten has participated in some or all of the acts or conduct alleged in this Complaint and is liable to Plaintiff by reason thereof.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action pursuant to: (i) 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. § 1121, as an action for violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq.; (ii) 28 U.S.C. § 1332(a)(1), as an action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) the California state unfair competition, trademark infringement, trademark dilution, and trade name infringement claims contained herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15

1  U.S.C. §§ 1051 et seq.

2      7.    Plaintiff is informed and believes, and thereupon

3  alleges that venue is proper in the Southern District of

4  California pursuant to 28 U.S.C. § 1391(b), in that Defendants

5  all have sufficient contacts to be considered residents of

6  California, and/or that the effects of Defendants' wrongful

7  actions have harmed Plaintiff's intellectual property owned and

8  held by it in the Southern District of California, and such harm

9  has been felt by Plaintiff in the Southern District of

10 California.

11                      **NATURE OF THE ACTION**

12     8.    This is an action for: (i) infringement of a

13 registered trademark in violation of Section 32 of the Lanham

14 Act, 15 U.S.C. § 1114; (ii) use in commerce of a word which is

15 likely to cause confusion in violation of Section 43(a) of the

16 Lanham Act, 15 U.S.C. § 1125(a); (iii) dilution of a famous mark

17 in violation of Section 43 of the Lanham Act, 15 U.S.C. §

18 1125(c); (iv) registration of a domain name which is confusingly

19 similar to a registered trademark in violation of the

20 Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

21 (v) statutory unfair competition in violation of California

22 Business & Professions Code §§ 17200 et seq.; (vi) trademark

23 infringement in violation of California Business & Professions

24 Code § 14320; (vii) trademark dilution in violation of

25 California Business & Professions Code § 14330; (viii) trade

26 name infringement in violation of California Business &

27 Professions Code § 14415; **and (ix) use of a corporation as an**

28 **alter ego by which to commit fraud against Plaintiff.**

## FACTS GIVING RISE TO THIS ACTION

**A.    Plaintiff's Federally Registered and Incontestable AQUA LOGIC Mark and Trade Name.**

9.    Continuously since on or about May 5, 1989, Plaintiff Aqua Logic, Inc. has advertised, offered for sale, distributed and sold numerous aquariums and aquarium products under the AQUA LOGIC mark and Aqua Logic trade name throughout the United States.  Said advertising, offerings, distribution, and sales have, from the beginning and through the present day, been targeted and sold to a variety of customer bases, including residential, commercial, retail, wholesale, and industrial clients.

10.    Plaintiff has used the AQUA LOGIC mark and Aqua Logic trade name for almost two (2) decades to identify its products and to distinguish them from those made and sold by others, by, among other things, prominently displaying the AQUA LOGIC mark and Aqua Logic, Inc. trade name on the products themselves, their containers, and the advertisements, displays, and other materials associated therewith.  For example, Plaintiff has prominently displayed said mark on its Internet websites, store front, letterhead, bills, direct mail advertising, telephone directory advertising, and in periodicals distributed throughout the United States.

11.    Aqua Logic, Inc. procured its statutory presumption of exclusive use of its trade name on November 15, 1995, by filing articles of incorporation with the Secretary of State of the State of California.

12.    Aqua Logic, Inc. is the owner of United States

1  trademark registration certificate number 2,353,216,
2  memorializing Plaintiff's trademark rights in its distinctive
3  AQUA LOGIC mark in connection with "fish tanks, namely,
4  aquariums" and "fish tank cooling, heating, and recirculation
5  systems comprised of water chillers, heat pumps, and electronic
6  temperature controllers."   Said rights were registered on the
7  Principal Register of the United States Patent and Trademark
8  Office ("USPTO") on May 30, 2000.  A true and correct copy of
9  Plaintiff's federal registration certificate for its AQUA LOGIC
10 mark is attached hereto as Exhibit 1.

11      13.  Plaintiff was issued a constructive use date of July
12 21, 1998, upon issuance of the AQUA LOGIC certificate of
13 registration, which conferred a right of nationwide priority in
14 connection with aquariums and aquarium products, pursuant to 15
15 U.S.C. § 1057(c).  In accord with this federal right, all uses
16 of an identical or confusingly similar mark initiated after this
17 constructive use date in connection with aquariums or related
18 goods or services are deemed infringements of Plaintiff's
19 federal rights.

20      14.  Plaintiff's registration has since become
21 incontestable pursuant to 15 U.S.C. § 1065.  A true and correct
22 copy of the USPTO notice for Plaintiff's timely filing under 15
23 U.S.C. § 1065 is attached hereto as Exhibit 2.

24      15.  Aqua Logic, Inc. has invested substantial time,
25 effort, and money in advertising and promoting the AQUA LOGIC
26 mark throughout the United States in various publications and
27 trade magazines, and as a result, has derived income from and
28 developed significant goodwill in the AQUA LOGIC mark.

16.    Plaintiff's AQUA LOGIC mark has become famous in the aquarium and aquaculture industry among aquatic professionals and amateur enthusiasts as a result of nearly two (2) decades of continuous use and promotion of the mark in commerce throughout the United States.  The AQUA LOGIC mark's goodwill has further been enhanced by Plaintiff's aforementioned incontestable federal registration.

17.    Plaintiff's AQUA LOGIC brand is known for producing high-quality aquatic products, including custom-manufactured products pursuant to unique customer specifications.  An example of Plaintiff's promotional materials for custom fabrication products is attached hereto as Exhibit 3.

18.    Since on or about May 30, 2000, Plaintiff has given notice that its mark is registered in the USPTO by displaying the federal registration symbol [®] in connection with goods sold and services provided under the AQUA LOGIC mark.

19.    Plaintiff's AQUA LOGIC mark has become uniquely associated with and hence identifies Plaintiff as the source for AQUA LOGIC brand aquariums, live seafood tanks, and aquarium products such as water heaters, chillers, pumps, and temperature controllers.  Examples of Plaintiff's use of its AQUA LOGIC mark in connection with aquariums are attached hereto as Exhibit 4.

20.    Plaintiff has continuously used its Aqua Logic, Inc. trade name and/or AQUA LOGIC mark to sell aquatic lights, filters, hydrometers, thermostats, carbon, salt, nets, crushed coral, and other aquatic supplies since at least as early as 1993.  An example of Plaintiff's website offering AQUA LOGIC filtration products, and retail sales of third party filtration

products, is attached hereto as Exhibit 5.

B.   **Defendants' Infringement of Aqua Logic, Inc.'s Intellectual Property Rights and Trade Name.**

1.   **Defendants' Assumption of the Confusingly Similar AQUALOGICS Mark and Trade Name, and Registration of the Infringing Domain Name.**

21.  On or about August 5, 2003, Defendants began using AQUALOGICS as a trade name in connection with an aquarium and aquatic product business in interstate commerce.  This was fourteen (14) years after Plaintiff first developed rights in and used its AQUA LOGIC mark in interstate commerce, and five (5) years after Plaintiff's constructive use date of July 21, 1998.

22.  At least as early as August 19, 2004, Defendants began using AQUALOGICS as a mark in connection with advertising, offering for sale, distributing, and selling aquariums and aquarium products such as aquarium pumps, heaters, filters, lights, hydrometers, hoods, and other related products in interstate commerce.  This was fifteen (15) years after Plaintiff first developed rights in and used its AQUA LOGIC mark in interstate commerce, and six (6) years after Plaintiff's constructive use date of July 21, 1998.

23.  Defendants' use of AQUALOGICS as a mark and trade name is entirely without permission or authority of Plaintiff.

24.  Defendants' AQUALOGICS mark and trade name are confusingly similar to Plaintiff's federally registered AQUA LOGIC mark and trade name in sight, sound, and meaning.

25.   Defendants use the AQUALOGICS mark to promote identical and substantially similar goods and services in interstate commerce.   Plaintiff holds a federal registration for fish tanks, aquariums, fish tank cooling devices, fish tank heating devices, fish tank recirculation devices, water chillers, heat pumps, and electronic temperature controllers. Plaintiff also sells various aquarium products logically related to the sale of these goods, such as aquarium lights, filters, hydrometers, hoods, crushed coral, sand, artificial reefs, and animal feeders, under its Aqua Logic, Inc. trade name and/or AQUA LOGIC mark.   Defendants use their infringing AQUALOGICS mark and trade name to promote the sale of identical and substantially similar goods and services, namely: aquariums, heating devices, filters, hydrometers, hoods, lighting, pumps, food, and habitat products.   Examples of Defendants' advertisements for these products in connection with the infringing AQUALOGICS mark and trade name are attached hereto as Exhibit 6.

26.   Defendants registered the http://www.aqlogics.com domain name ("Domain Name") on December 15, 2003, to build a website to promote the sale of aquarium products and services under the confusingly similar AQUALOGICS mark and trade name ("Website").   The WHOIS database report regarding this private registration is attached hereto as Exhibit 7.

27.   Defendants advertised the AQUALOGICS mark and trade name on the Website as a source for procuring aquariums and aquatic accessories.   Examples of such promotions are attached hereto as Exhibit 8.

28.  Defendants have used the Website to promote various services under the AQUALOGICS mark, including custom manufactured items made according to customer specifications. Plaintiff is informed and believes, and on that basis alleges that Defendants also engage in large-scale manufacturing of aquatic products under the AQUALOGICS mark and trade name. Examples of such promotion and evidence are attached hereto as Exhibit 9.

29.  Plaintiff is informed and believes, and on that basis alleges that Defendants' acts of infringement were willful, and were committed with the intent to cause confusion, mistake, and/or to deceive consumers, and with the purpose of intentionally profiting from the fame and reputation of Plaintiff's AQUA LOGIC mark and trade name.  In light of Plaintiff's incontestable federal registration and widespread advertising and notoriety, Defendants' actions demonstrate reckless disregard for Plaintiff's prior use of and pre-existing rights in its federally registered and incontestable AQUA LOGIC mark and trade name.

**2.Likelihood of Confusion and Actual Confusion Between Plaintiff's Federally Registered AQUA LOGIC Mark and Trade Name, and Defendants' Infringing AQUALOGICS Mark and Trade Name.**

30.  Defendants' use of AQUALOGICS as a mark and trade name is likely to cause confusion with Plaintiff's federally registered and incontestable AQUA LOGIC mark and trade name because the two marks (1) are similar in sight, sound, and

meaning, (2) are used to promote substantially similar goods and services, (3) are advertised and promoted to the same classes of consumers within the aquaculture industry, and (4) are advertised and promoted in the same channels of trade.  Such similarities are likely to cause confusion as to origin, source, sponsorship, or affiliation.

31.  Defendants' use of AQUALOGICS, described in part above, has actually resulted in consumer confusion, and is likely to cause further confusion and mistake among consumers and/or will continue to deceive consumers as to the source of goods or services in the future.

32.  Defendants' use of AQUALOGICS has diluted the unique quality of the AQUA LOGIC mark among consumers.

**3.    Plaintiff's Efforts to Curtail Defendants' Infringing Activities.**

33.  Upon learning of Defendants' use of the infringing AQUALOGICS mark, trade name, and Domain Name, Plaintiff contacted Defendants, giving notice that Plaintiff's AQUA LOGIC mark is registered in the USPTO, and demanding that Aqualogics cease and desist use of its confusingly similar AQUALOGICS mark and trade name.  A copy of said letter, dated August 17, 2006, is attached hereto as Exhibit 10.

34.  Counsel for Defendants responded on September 18, 2006, asserting that Defendants were not infringing Plaintiff's AQUA LOGIC mark because Aqualogics "does not market its products under the name Aqualogics nor does it mark its packaging with any identification of Aqualogics."  A copy of that response is

attached hereto as Exhibit 11.

35. As evidenced by Defendants' Website, portions of which are attached hereto as Exhibit 8, and third party websites promoting the AQUALOGICS mark and trade name, examples of which are attached hereto as Exhibit 6, Defendants have used the AQUALOGICS mark and trade name to promote the sale of aquariums and aquarium related products on the Internet in interstate commerce since at least as early as August 19, 2004.

36. On August 23, 2007, counsel for Defendants offered to sell the infringing Domain Name to Plaintiff.

37. To date, Defendants have not agreed to cease their infringing use of Plaintiff's registered AQUA LOGIC mark or trade name.

38. In fact, infringing uses of the AQUALOGICS mark remain prevalent on the Internet. A September 6, 2007, GOOGLE$^{TM}$ brand Internet search produced dozens of online business listings and advertisements promoting Defendants' products and services under the AQUALOGICS mark and trade name. Examples of these promotional listings are attached hereto in Exhibit 6.

39. The aforementioned Internet search also produced numerous blogs written by aquatic enthusiasts. In seeking product advice for the purpose of making aquatic purchases, the use of "AQUA LOGIC," "AQUALOGIC," and "AQUALOGICS" were used interchangeably by bloggers, indicating confusion among consumers and potential lost sales to Plaintiff's business. Examples of these blog conversations are attached hereto as Exhibit 12.

40. Plaintiff has reason to believe and on that basis

alleges that Defendants are currently, and intend to continue, to actively infringe Plaintiff's AQUA LOGIC mark through *inter alia* the use of meta tags, meta text, RSS tags, keyword advertising, triggered advertising, Internet directories, blog entries, Internet domain names, website text or content, and/or other Internet or non-electronic means utilizing the AQUALOGICS and/or AQUA LOGIC mark in order to direct traffic away from Plaintiff and towards Defendants' businesses.

**4.    Injury Caused by Defendants to Plaintiff.**

41.    Plaintiff has suffered and continues to suffer irreparable injury as a consequence of Defendants' infringing and otherwise wrongful acts described and alleged above.

42.    Among other things, Plaintiff has suffered and is likely to continue to suffer a loss of goodwill associated with its federally registered and incontestable AQUA LOGIC mark, as well as a dilution of the distinctive attributes of its AQUA LOGIC mark.

43.    Upon information and belief, Defendants have profited from their wrongful conduct, including, without limitation, by offering for sale and selling aquariums and aquarium related products to persons and entities in the United States.  Such persons were and likely will continue to be confused into believing that said products were and are sold, manufactured, endorsed, sponsored, serviced by, or otherwise affiliated with Plaintiff by reason of Defendants' unauthorized use of the AQUALOGICS mark, which is confusingly similar in sight, sound, and meaning to Plaintiff's federally registered and

incontestable AQUA LOGIC mark.

**COUNT ONE**

**(Infringement of a Registered Trademark in Violation of**

**Section 32 of the Lanham Act, 15 U.S.C. § 1114)**

**Against all Defendants**

44.  As to this Count One, Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 42 of this **FIRST AMENDED** COMPLAINT.

45.  As described above, Plaintiff owns a federal trademark registration for and is the senior user of the AQUA LOGIC mark in connection with aquariums and aquarium products.

46.  Defendants commenced use of the infringing AQUALOGICS mark after Plaintiff's constructive use date in 1998.

47.  Plaintiff has not consented to Defendants' infringing use of the confusingly similar AQUALOGICS mark.

48.  Defendants have been on constructive notice of Plaintiff's rights in its federally registered and incontestable AQUA LOGIC mark since 1998, and actual notice since at least 2006.

49.  Defendants' use of AQUALOGICS in connection with the advertising, distributing, offering for sale, and selling goods in interstate commerce identical or related to those offered by Plaintiff, as described in this Count One and elsewhere in this **FIRST AMENDED** COMPLAINT, constitutes use in commerce of the AQUALOGICS mark in a manner that has already resulted in actual confusion and mistake by consumers, or has deceived consumers,

and is likely to result in confusion, or mistake, or deception of consumers in the future, therefore infringing upon Plaintiff's rights in its federally registered and incontestable AQUA LOGIC mark.

50.    Accordingly, Defendants are in violation of 15 U.S.C. § 1114(1), and Plaintiff is entitled to injunctive relief and monetary recovery of Defendants' profits, Plaintiff's damages, costs, fees, and other amounts as may be determined at trial.

### COUNT TWO

**(Use of a False Designation in Violation of**

**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

**Against All Defendants**

51.    As to this Count Two, Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 42 of this **FIRST AMENDED** COMPLAINT.

52.    The AQUA LOGIC mark is distinctive and has become uniquely associated with Plaintiff, and identifies Plaintiff as the source of goods bearing the AQUA LOGIC mark.

53.    Defendants have caused goods identical or related to those of Plaintiff to enter into interstate commerce in connection with the AQUALOGICS designation.  Said use of AQUALOGICS is a false designation of origin, which has actually caused confusion and mistake among consumers, has deceived consumers as to the affiliation, connection, or association of Defendants with Plaintiff and as to the origin, sponsorship, or approval of goods and/or services of Plaintiff, and is likely to

cause such confusion, mistake, and/or deception among consumers in the future.

54. Defendants' acts described in this Count Two and elsewhere in this **FIRST AMENDED** COMPLAINT have caused and continue to cause actual confusion and mistake among consumers, with Defendants receiving income, profits, and advantages therefrom, while Plaintiff has been suffering and continues to suffer irreparable damages resulting therefrom.    Accordingly, Defendants are in violation of 15 U.S.C. § 1125(a), and Plaintiff is entitled to injunctive relief and monetary recovery of Defendants' profits, Plaintiff's damages, costs, fees, and other amounts as may be determined at trial.

## COUNT THREE

### (Dilution of a Famous Mark in Violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c))

### Against all Defendants

55. As to this Count Three, Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 42 of this **FIRST AMENDED** COMPLAINT.

56. Plaintiff's federally registered and incontestable AQUA LOGIC mark is distinctive and has become famous among the general consuming public of the United States as a designation of source, most particularly within the aquarium and aquaculture industries.

57. Defendants first commenced use of the AQUALOGICS mark and trade name in 2003, by which time Plaintiff had used its

AQUA LOGIC mark as a source identifier in commerce for fourteen (14) years. Defendants' use therefore began after Plaintiff's AQUA LOGIC mark became famous.

58. Defendants' AQUALOGICS mark and trade name are similar in sight, sound, and meaning to Plaintiff's AQUA LOGIC mark, therefore blurring the distinctiveness and consumer recognition of Plaintiff's mark as a unique identifier in commerce.

59. Accordingly, Defendants have diluted the distinctive qualities of Plaintiff's AQUA LOGIC mark in violation of 15 U.S.C. § 1125(c), and Plaintiff is entitled to injunctive relief and monetary recovery of Defendants' profits, Plaintiff's damages, costs, fees, and other amounts as may be determined at trial.

**COUNT FOUR**

**(Registration of a Domain Name Which is Confusingly Similar to a Registered Trademark in Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))**

**Against All Defendants**

60. As to this Count Four, Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 42 of this **FIRST AMENDED** COMPLAINT.

61. As described above, Plaintiff has rights in its AQUA LOGIC mark dating back to May 5, 1989, and constructive use priority throughout the United States dating back to July 21, 1998.

62. Defendants adopted the confusingly similar AQUALOGICS

mark in connection with identical and substantially similar goods and services within the aquatic industry on or around August 5, 2003, five (5) years after Plaintiff's constructive use date.

63. On December 15, 2003, Defendants registered the www.aqlogics.com Domain Name, which is confusingly similar to Plaintiff's federally registered and incontestable AQUA LOGIC mark and trade name.

64. Defendants used the Domain Name to build a Website to promote the sale of identical and substantially similar goods and services under the infringing AQUALOGICS mark in interstate commerce.

65. On August 23, 2007, counsel for Defendants offered to sell the Domain Name to Plaintiff, the registered mark holder.

66. Plaintiff is informed, and believes, and therefore alleges that Defendants' Website utilizes infringing meta tags, meta text, RSS tags, and/or other devices utilizing the infringing AQUALOGICS mark and/or Plaintiff's AQUA LOGIC mark in order to attract business away from Plaintiff, the registered mark holder.

67. Defendants' registration, use, and offer to sell the Domain Name and Website was and continues to be in bad faith.

68. Accordingly, Defendants have registered a domain that is confusingly similar to a registered mark in bad faith in violation of 15 U.S.C. § 1125(d), and Plaintiff is entitled to a judicial order compelling the transfer of the Domain Name from Defendants pursuant to 15 U.S.C. § 1125(d)(1)(C), and the award of statutory damages in the amount of one hundred thousand

1  dollars ($100,000) pursuant to 15 U.S.C. § 1117(d).

2

3                              **COUNT FIVE**

4   **(Unfair Competition in Violation of Cal. Bus. & Prof. Code §**

5                            **17200, et seq.)**

6                        **Against all Defendants**

7       69.  As to this Count Five, Plaintiff specifically

8   realleges and incorporates herein by reference each and every

9   allegation contained in Paragraphs 1 through 42 of this **FIRST**

10  **AMENDED** COMPLAINT.

11      70.  Defendants are all "persons" within the meaning of

12  California's Bus. & Prof. Code § 17201.

13      71.  As a result of the continued advertising, promotion,

14  offering for sale, and sales of aquariums and aquarium products

15  by Plaintiff for nearly two (2) decades under the AQUA LOGIC

16  mark, said mark has developed and now has a secondary and

17  distinctive trademark meaning to purchasers in Defendants' trade

18  area.

19      72.  AQUA LOGIC has come to indicate to such purchasers

20  that AQUA LOGIC aquariums and aquarium related products

21  originate only with Plaintiff.

22      73.  Defendants' use of the AQUALOGICS mark is likely to

23  cause, and has actually caused consumer confusion regarding the

24  source of the goods and services offered and sold in interstate

25  commerce.

26      74.  Defendants' adoption and use of the AQUALOGICS mark to

27  offer for sale and sell aquariums and aquarium related products,

28  just as Plaintiff has done for many years prior, constitutes

unfair competition and unfair business practices through the infringement of Plaintiff's pre-existing rights in the AQUA LOGIC mark.

75. Defendants have infringed Plaintiff's AQUA LOGIC mark as alleged herein with the intent to deceive the public into believing that goods and services advertised by Defendants are made by, approved by, sponsored by, or affiliated with Plaintiff, and/or to oppress Plaintiff.

76. Plaintiff has been and continues to be damaged by Defendants' acts of unfair competition and unfair business practices.

77. Accordingly, Defendants' conduct constitutes unfair competition and unfair business practices under Cal. Bus. & Prof. Code § 17200 et. seq. as an infringement of Plaintiff's rights. Plaintiff is entitled to injunctive relief ordering Defendants to cease such unlawful business practices and unfair competition pursuant to California Business & Professions Code § 17203. Furthermore, and pursuant to California Business & Professions Code § 17200 et. seq., Plaintiff is entitled to an award restoring to Plaintiff any monies or profits that Defendants have wrongfully acquired or caused to be lost as a result of their violations.

**COUNT SIX**

**(Trademark Infringement in Violation of**

**Cal. Bus. & Prof. Code § 14320)**

**Against all Defendants**

78. As to this Count Six, Plaintiff specifically realleges and incorporates herein by reference each and every allegation

contained in Paragraphs 1 through 42 of this **FIRST AMENDED** COMPLAINT.

79.   AQUA LOGIC is a "mark" within the meaning of California Business & Professions Code § 14203, and a "trademark" within the meaning of California Business & Professions Code § 14207.

80.   Defendants' use of the AQUALOGICS mark set forth in this **FIRST AMENDED** COMPLAINT, including without limitation the use of said mark upon and in describing Defendants' aquariums and aquarium products and services for the purpose of enhancing the commercial value of, or selling, or soliciting purchases of such goods without prior consent of Plaintiff, the owner of the AQUA LOGIC mark, constitutes unlawful infringement upon a mark registered under Title 15 of the United States Code, in violation of California Business & Professions Code § 14320, entitling Plaintiff to injunctive relief pursuant to California Business & Professions Code § 14335.

**COUNT SEVEN**

**(Trademark Dilution in Violation of**

**Cal. Bus. & Prof. Code § 14330)**

**Against all Defendants**

81.   As to this Count Seven, Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 42 of this **FIRST AMENDED** COMPLAINT.

82.   AQUA LOGIC is a "mark" within the meaning of California Business & Professions Code § 14203, and a

"trademark" within the meaning of California Business & Professions Code § 14207.

83.  Defendants' use of the AQUALOGICS mark set forth in this **FIRST AMENDED** COMPLAINT, including without limitation the use of said mark upon and in describing Defendants' aquariums and aquarium products for the purpose of enhancing the commercial value of, or selling, or soliciting purchases of such goods without prior consent of Aqua Logic, Inc., has injured Plaintiff's business reputation and/or diluted the distinctive quality of the AQUA LOGIC trademark and trade name, and creates a likelihood of such injury to business reputation and/or dilution in the future, notwithstanding the presence or absence of competition between the parties or the confusion as to the source of goods or services, in violation of California Business & Professions Code § 14330.

84.  Accordingly, Plaintiff is entitled to injunctive relief pursuant to California Business & Professions Code § 14330.

**COUNT EIGHT**

**(Trade Name Infringement in Violation of California Business & Professions Code § 14415)**

**Against All Defendants**

85.  As to this Count Eight, Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 42 of this **FIRST AMENDED** COMPLAINT.

86.  Aqua Logic, Inc. filed articles of incorporation with the Secretary of State of the State of California on November

15, 1995.  As the first party to file articles under the Aqua Logic, Inc. name and engage in a business utilizing that corporate name, Plaintiff is entitled to a rebuttable presumption that it is the exclusive owner of the Aqua Logic, Inc. trade name, and any confusingly similar trade names, used within the State of California.

87.  On or around August 5, 2003, Defendants filed articles of incorporation as Aqualogics, Inc. with the Secretary of the State of Texas.

88.  On or around December 15, 2003, Defendants registered the Domain Name to promote the sale of goods and services in the aquaculture industry under the Aqualogics, Inc. trade name in interstate commerce.

89.  At least as early as August 19, 2004, Defendants used Aqualogics, Inc. as a trade name in interstate commerce to promote the sale of goods and services in the aquarium and aquaculture industries.

90.  Plaintiff is informed and believes, and on that basis alleges that Defendants have used the Aqualogics, Inc. trade name to promote, advertise, sell, ship, manufacture, receive imports, ship exports, and/or engage in other commercial activities within the State of California.

91.  Plaintiff has experienced actual confusion by aquarium and aquaculture consumers at its principal place of business in California, and consumers in California are likely to be confused by Defendants' trade name infringement within the State of California.

92.  Plaintiff has, and will continue to suffer a loss of

its intellectual property rights, including monetary damages, as a result of the trade name confusion experienced in the State of California.

93.   As a result, Defendants have infringed Plaintiff's right to exclusive use of its Aqua Logic, Inc. trade name within the State of California.

94.   Accordingly, Plaintiff is entitled to injunctive relief pursuant to California Business & Professions Code §§ 14402 and 14330 to curtail Defendants' trade name infringement.

COUNT NINE

(Establishing a Corporation For a Fraudulent Purpose and Using a Corporation to Commit An Illegal Act in Violation of Texas Common Law)

Against Defendant Ken Li

95.   Mr. Li is the owner and sole shareholder of Defendants EI and EAI.

96.   After being notified by Plaintiff on August 17, 2006, that his company Aqualogic, Inc.'s use of the AQUALOGICS as a mark and trade name infringed Plaintiff's AQUA LOGIC mark, Mr. Li created one or more dummy corporations as alter egos in an attempt to defraud Plaintiff into settling with an irrelevant entity, thereby evading all contractual responsibility and liability.

97.   Thereafter, Mr. Li, through these newly-formed entities—Defendants EI and EAI—continued to violate Plaintiff's

AQUA LOGIC mark.  Mr. Li's sole intent in forming these entities was to defraud Plaintiff, causing Plaintiff to settle with Aqualogics, Inc. while he continued to trade on the goodwill created by Plaintiff.

### ALLEGATION OF DAMAGE

98.  By reason of Defendants' acts alleged in this **FIRST AMENDED** COMPLAINT, Plaintiff has and will continue to suffer damage to its business, reputation, and goodwill and the loss of sales and profits Plaintiff would have made but for Defendants' acts.

99.  Defendants threaten to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage.  While compensation for Defendants' past wrongs can be calculated with some accuracy, it would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for Defendants' future wrongful acts, and Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial and judgment in its favor, and as against Defendants, jointly and severally, prays for all of the following:

100. That this Court issue an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Defendants and their agents, servants, employees,

representatives, successors and assigns, and all persons, firms,
corporations, or other entities acting in concert or
participation with any Defendants from:

a.    directly or indirectly using the name AQUALOGICS or
any other mark, word, or name similar to AQUA LOGIC in any
manner, including but not limited to use in connection with
advertising, offering for sale, and/or selling any goods or
services or creation or operation of a business entity under a
similar trade name;

b.    consenting to or otherwise allowing any distributor,
dealer, or manufacturer selling, marketing, or producing any of
Defendants' goods or services to directly or indirectly infringe
upon the AQUA LOGIC mark in any manner, including but not
limited to use in connection with advertising, offering for
sale, and/or selling any of Defendants' goods or services;

c.    using any names (including but not limited to
AQUALOGICS), emblems, symbols, trademarks or service
marks(including but not limited to AQUALOGICS), terminology,
trade dress, or designations which tend to falsely represent, or
which are likely to confuse, mislead, or deceive purchasers
and/or members of the public that the goods and/or services
marketed, offered and/or advertised by Defendants originate from
Plaintiff or that any such goods and/or services are sponsored,
approved, licensed by, associated with, connected, or otherwise
affiliated with Plaintiff;

d.    engaging in any conduct that tends falsely to
represent, or is likely to confuse, mislead, or deceive
purchasers and/or members of the public to believe or conclude

that the actions of Defendants are sponsored, approved, and/or

licensed by, and/or connected or affiliated with Plaintiff;

   e.   affixing, applying, annexing or using in connection

with the marketing, offering, and/or advertising of any goods or

services, a false description or representation, including the

word AQUALOGICS or any other words or symbols, tending to

falsely describe or represent goods and/or services as being

those of Plaintiff;

   f.   using AQUALOGICS, AQUA LOGIC, or any confusingly

similar term or combination of terms on the Internet to attract

business, customers, suppliers, or for any other commercial

purpose, including use of such terms as meta tags, meta text,

RSS tags, keyword advertising, triggered advertising,

hyperlinks, blog entries, Internet domain names, website text or

content, or any other Internet or electronic means; and

   g.   otherwise competing unfairly with Plaintiff.

   101.  That this Court issue an injunction pursuant to the

powers granted it under 15 U.S.C. § 1116, requiring Defendants

and their agents, servants, employees, representatives,

successors and assigns, and all persons, firms, corporations, or

other entities acting in concert or participation with any

Defendants to take affirmative actions to:

   a.   Remove, delete, erase, or cancel existing telephone

directory listings, Internet directory listings, articles,

memberships, labels, products, packaging, meta tags, meta text,

RSS tags, keyword advertising, triggered advertising,

hyperlinks, blog entries, Internet domain names, website text or

content, or any other existing means of promoting Defendants'

businesses that utilize the AQUALOGICS, AQUA LOGIC, or any confusingly similar term or combination of terms from areas, resources, and websites accessible by consumers, suppliers, vendors, dealers, manufacturers, or other parties within the United States.

102. That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after the issuance of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunctions.

103. That this Court, pursuant to the power granted it under 15 U.S.C. § 1118, order that all labels, signs, prints, packages, containers, receptacles, and advertisements in the possession or control of Defendants bearing the mark AQUA LOGIC and all plates, files, and other means of making the same, shall be delivered up and destroyed.

104. That Defendants be required to compensate Plaintiff for all profits derived by Defendants from sales of goods or services under the AQUALOGICS mark and for all other acts of infringement, dilution, and unfair competition complained of herein.  On information and belief, Plaintiff reasonably estimates this amount to be at least five million dollars ($5,000,000) pursuant to Lanham Act § 35, 15 U.S.C. § 1117(a).

105. That Defendants be required to account to Plaintiff for any and all profits derived by Defendants from sales of goods or services under the AQUALOGICS mark and for all other acts of infringement, dilution, and unfair competition complained of herein, in excess of five million dollars

($5,000,000), and to make payment of any and all such profits to Plaintiff, pursuant to Lanham Act § 35, 15 U.S.C. § 1117(a).

106. That Defendants be required to transfer to Plaintiff the Domain Name, pursuant to the Court's authority under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1117(d)(1)(C).

107. That Defendants be required to compensate Plaintiff in the amount of one hundred thousand dollars ($100,000) for Defendants' registration and use of the infringing Domain Name, pursuant to the statutory damages provided for violations of the Anticybersquatting Consumer Protection Act as enumerated in 15 U.S.C. § 1117(d).

108. That Defendants be required to compensate Plaintiff for the actual damages sustained by Plaintiff as a result of Defendants' acts of trademark infringement and unfair competition in an amount as shall be shown by the evidence pursuant to Lanham Act § 35, 15 U.S.C. § 1117(a).

109. As provided by 15 U.S.C § 1116 and 15 U.S.C § 1117, for an award to Plaintiff and against Defendants, jointly and severally, of damages in the amount or amounts of three (3) times Defendants' profits and damages sustained by Plaintiff as a result of the acts and claims asserted under 15 U.S.C. § 1125.

110. That the costs of this action be awarded to Plaintiff pursuant to Lanham Act § 35, 15 U.S.C. § 1117(a).

111. That this is an exceptional case and that Plaintiff be awarded its reasonable attorney fees pursuant to Lanham Act § 35, 15 U.S.C. § 1117(a).

112. As provided by California Business & Professions Code

§ 17203, an order restoring to Plaintiff any monies or profits that Defendants have acquired and/or caused to be lost as a result of Defendants' violations of California Business & Professions Code § 17200, et seq.

113. That Defendants and anyone acting in concert with Defendants be ordered not to file with the USPTO, or any other state or federal body, or other jurisdiction, any other application to register AQUALOGICS, or closely-related formatives or other names confusingly similar or which are colorable imitations of Plaintiff's federally registered and incontestable AQUA LOGIC mark.

114. For an Order by this Court that Defendants are not entitled to registration of AQUALOGICS in connection with aquariums or any related products or services, and an Order directing the USPTO to cancel any such registrations that Defendant may apply for and receive.

115. That this Court award punitive and exemplary damages against Defendants and in favor of Plaintiff in an amount to be determined under the laws of the State of California.

116. That Plaintiff have such other and further relief as the Court may deem just.

Dated this June ____, 2008, and respectfully submitted,

Ross G. Simmons (CA BAR NO. 144656)
THE SIMMONS FIRM, ALC
11440 W. Bernardo Ct.
Suite 390
San Diego, CA 92127
**ATTORNEY FOR PLAINTIFF**

TABLE OF CONTENTS

Exhibit 1  - Page 32...................Appears in Complaint on Page 6

Exhibit 2  - Page 33...................Appears in Complaint on Page 6

Exhibit 3  - Pages 34-35.............Appears in Complaint on Page 7

Exhibit 4  - Pages 36-41.............Appears in Complaint on Page 7

Exhibit 5  - Page 42...................Appears in Complaint on Page 7

Exhibit 6  - Pages 43-78.............Appears in Complaint on Pages 9, 12

Exhibit 7  - Pages 79-81.............Appears in Complaint on Page 9

Exhibit 8  - Pages 82-105...........Appears in Complaint on Pages 9, 12

Exhibit 9  - Pages 106-114........Appears in Complaint on Page 10

Exhibit 10 - Pages 115-117........Appears in Complaint on Page 11

Exhibit 11 - Page 118................Appears in Complaint on Page 12

Exhibit 12 - Pages 119-131........Appears in Complaint on Page 12