Andres F. Quintana (SBN 190525)
**QUINTANA LAW GROUP**
A Professional Law Corporation
Warner Center Tower
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367
Telephone: (818) 914-2100
Facsimile: (818) 914-2101
Email: andres@qlglaw.com

Attorneys for Defendants
eSealife, Inc. and eSealife Acquatics, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA LOGIC, INC., a California corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>ESEALIFE, INC., a Texas corporation, formerly known as AQUALOGICS, INC.; ESEALIFE AQUATICS, INC., a Texas corporation; and DOES 1-10, inclusive,<br><br>   Defendants. | CASE NO. 07 CV 2119 H (POR)<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION OF THE QUINTANA LAW GROUP, APC TO WITHDRAW AS COUNSEL FOR DEFENDANTS ESEALIFE, INC. AND ESEALIFE AQUATICS, INC.; DECLARATION OF JOHN M. HOUKOM IN SUPPORT**<br><br>[Notice of Application and Application and Declaration of <u>Ex</u> Parte Notice Filed Concurrently Herewith and [Proposed] Order Lodged Concurrently Herewith] |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## COMPLIANCE WITH LOCAL CIVIL RULE 83.3(h)(2)

In compliance with Local Civil Rule 83.3(h)(2), Quintana Law Group, APC, states that on June 18, 2008, the Quintana Law Group, APC, informed Plaintiff Aqua Logic, Inc.'s ("Aqua Logic") counsel of record, Ross Simmons, Esq., of the time and location where this application would be made, specifically by *ex parte* application to this Court on June 18, 2008, seeking leave of the court to withdraw as counsel of record for Defendants eSealife, Inc. and eSealife Aquatics, Inc. (Declaration of John M. Houkom ("Houkom Decl."), ¶¶10-11, attached hereto.)

Further, also on June 18, 2008, the Quintana Law Group, APC, informed Defendants eSealife, Inc. and eSealife Aquatics, Inc. (collectively "ESEALIFE" or "Defendants") of the time and location where this application would be made, specifically by *ex parte* application to this Court on June 18, 2008, seeking leave of the court to withdraw as counsel of record for Defendants eSealife, Inc. and eSealife Aquatics, Inc. (Houkom Decl., ¶¶13-14.)

As detailed more carefully below, the Quintana Law Group, APC seeks an order relieving the Quintana Law Group, APC of its representation of Defendants eSealife, Inc. And eSealife Aquatics, Inc. in this case. A proposed order has been lodged concurrently herewith. The Quintana Law Group, APC, has been informed by Defendants' counsel that Aqua Logic will not oppose this *ex parte* application and has further been informed by the Defendants themselves that ESEALIFE will not oppose this *ex parte* application. (Houkom Decl., ¶¶12, 15.)

## II. INTRODUCTION

The Quintana Law Group, APC ("QLG") applies to this Court for an Order allowing it to withdraw as attorneys of record for Defendants ESEALIFE, due to the fact that ESEALIFE has directed QLG to cease its representation, and ESEALIFE is no longer an ongoing business entity, and, therefore, ESEALIFE has no apparent

ability to (1) participate in and assist with the defense of the present litigation, and (2) pay both outstanding sums due and owing QLG for professional legal services rendered and to pay QLG future attorneys' fees and costs in this and other matters. The continuing representation of ESEALIFE has become unreasonably difficult, even unwanted and impossible. QLG respectfully requests that it be relieved as counsel for ESEALIFE. ESEALIFE has consented to QLG's withdrawal.

### III. BACKGROUND

On November 5, 2007, Plaintiff Aqua Logic, Inc. ("Aqua Logic" or "Plaintiff") filed its Complaint against ESEALIFE alleging, among other things, trademark infringement, dilution and cybersquatting. (Houkom Decl., ¶2.) On or about January 10, 2008, ESEALIFE answered the complaint. Id. QLG has provided substantial professional legal services on behalf of ESEALIFE in this action.

On April 15, 2008, ESEALIFE informed QLG that it has shut its doors, is not generating revenue, and cannot afford to pay QLG for the attorneys' fees and costs it expects to incur in this case. Houkom Decl. ¶3. During a telephone conference with QLG on that day ESEALIFE also verbally agreed that QLG should withdraw from this case. Id.

On April 18, 2008, QLG filed a Motion to Withdraw as counsel for ESEALIFE, which was unopposed. On May 13, 2008, this Court denied that motion, without prejudice, in part because an early settlement of this matter seemed possible.

Since May 13, 2008, it has become clear that a settlement of this matter is not imminent. (Houkom Decl., ¶9.) Further, on May 23, 2008, ESEALIFE directed QLG to cease all activity on its behalf, and further directed QLG from making any further representations on its behalf in this matter. (Houkom Decl., ¶6.)

## IV. QLG'S REQUEST FOR LEAVE OF COURT TO WITHDRAW AS COUNSEL SHOULD BE GRANTED ON AN *EX PARTE* BASIS.

It is important for the Court to take up this matter on shortened notice for two reasons. First, there is a hearing scheduled in this matter on June 20, 2008 before Magistrate Judge Porter. As described above, ESEALIFE has specifically directed QLG *not* to represent it in future hearing, so participation in such a hearing would be non-sensical and would waste the time and resources of the Court and QLG.

Second, QLG has been informed that Plaintiff Aqua Logic has filed two motions in this matter, scheduled to be heard on July 21, 2008. (Houkom Decl., ¶16.) One of those Motions seeks to add Mr. Ken Li as an individual defendant in this matter, while the other seeks to strike the stipulation to set aside default that was entered in this case. As outlined above, QLG has neither the information nor the authority to oppose those Motions on behalf of ESEALIFE, but should QLG be allowed to withdraw at this juncture, ESEALIFE will have the opportunity to obtain alternative counsel in order to oppose those motions, should they so choose.

Alternatively, if QLG is not allowed to withdraw expeditiously, there is a distinct chance that injustice may result from ESEALIFE's lack of authorized counsel, as there is unlikely to be any meaningful opposition to those Motions on behalf of ESEALIFE, and a regularly scheduled motion to withdraw would likely not even be heard until either after those motions are heard, or on the date that those motions are scheduled to be heard.

Granting a request for withdrawal of representation is in the discretion of the trial court. Whiting v. Lacara, 187 F.3d 317, 320 (2nd Cir. 1999); Fleming v. Harris, 39 F.3d 905, 908 (8th Cir. 1994); Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). QLG has appeared for ESEALIFE in connection with the above-captioned dispute.

Within the last few months, the attorney-client relationship between

ESEALIFE and QLG has broken down, making continuing representation unreasonably difficult, if not impossible. See Houkom Decl. ¶¶3-8. First, ESEALIFE is apparently no longer an ongoing business in the State of Texas. Id. at ¶3. Thus, QLG's ability to conduct and respond to discovery, and prepare ESEALIFE's defense of Aqua Logic's complaint has been rendered virtually impossible. Id.

Second, aggravating these circumstances, QLG has provided substantial professional legal services on behalf of ESEALIFE in this lawsuit. Houkom Decl. ¶4. ESEALIFE currently owes QLG sums for these professional legal services. Moreover, since ESEALIFE is apparently no longer an ongoing business in the State of Texas, or anywhere, it is unlikely that QLG will be paid for these professional legal services. Id. at ¶¶3-4. The non-payment of attorneys' fees, by itself, is a valid basis for the Court to grant counsel's motion to withdraw. See McGuire v. Wilson, 735 F.Supp 83, 84-85 (S.D.N.Y. 1990) (attorney allowed to withdraw when attorneys fees unpaid); Boyle v. Revici No. 83 8997, 1987 WL 28707, *1 (S.D.N.Y. 1987) (withdrawal granted where attorney filed affidavit showing client's refusal to assure payment of monies due).

Further, the Rules of Professional Responsibility support withdrawal in the present circumstances, either where the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively" or where the client "breaches an agreement or obligation to the [attorney] as to expenses or fees." California Rules of Professional Conduct 3 700(C)(1)(d) and (f). Here, both situations exist.

Finally, ESEALIFE has stated unambiguously that it does not want QLG to represent ESEALIFE or make any representations on ESEALIFE's behalf. (Houkom Decl., ¶6.)

QLG has given ESEALIFE written notice pursuant to Southern District Local Rule CivLR 83.3(g)(3)(a) of QLG's intention to obtain leave to withdraw as counsel in this case and the requirement that ESEALIFE appear through counsel and the

possible consequences of its failure to do so. (Houkom Decl., ¶7.) In response to that information ESEALIFE verbally consented to this withdrawal by QLG. Id.

In addition, plaintiff Aqua Logic will not be prejudiced since QLG does not anticipate that ESEALIFE will request any continuance of the trial. (Houkom Decl. ¶8.)

Because of financial failure of ESEALIFE's business, the relationship between QLG and ESEALIFE has broken down to the point where QLG can no longer continue to effectively represent ESEALIFE, and ESEALIFE does not wish that representation to continue. In sum, the circumstances eroding the relationship between ESEALIFE and QLG support withdrawal. Thus, QLG respectfully requests that it be allowed to withdraw from representing ESEALIFE in this action effective immediately.

## V. CONCLUSION

For all of the foregoing reasons, QLG respectfully requests that its Application for Leave to Withdraw as Counsel for both eSealife, Inc. and eSealife Aquatics, Inc. be granted.

DATED: June 18, 2008

QUINTANA LAW GROUP
A Professional Law Corporation

By: _____
John M. Houkom
Attorneys for Defendants
eSealife, Inc. and eSealife Aquatics, Inc.

# DECLARATION OF JOHN M. HOUKOM

I, John M. Houkom, declare:

1. I am an attorney at law duly licensed to practice before this court and am an associate with the Quintana Law Group, APC ("QLG"), counsel of record herein for defendants eSealife, Inc. and eSealife, Aquatics, Inc., corporations that were duly organized under the laws of the State of Texas ("ESEALIFE"). Unless otherwise stated, I have personal knowledge of the facts set forth herein and if called as a witness could competently testify thereto.

2. On November 5, 2007, plaintiff Aqua Logic, Inc. ("Aqua Logic") filed its Complaint against ESEALIFE alleging, among other things, trademark infringement, dilution and cybersquatting. On or about January 10, 2008, ESEALIFE answered the complaint.

3. ESEALIFE is apparently no longer an ongoing business entity in the State of Texas (or elsewhere), therefore, QLG's ability to conduct and respond to discovery and prepare ESEALIFE's defense of Aqua Logic's complaint has been (and will be) rendered virtually impossible. I was definitively informed of the fact that ESEALIFE is no longer doing business on or about April 15, 2008.

4. QLG has provided substantial professional legal services on behalf of ESEALIFE in this lawsuit. ESEALIFE currently owes QLG sums for these professional legal services. Since ESEALIFE is apparently no longer an ongoing business, it remains unlikely that ESEALIFE will pay both outstanding sums due and owing QLG for professional legal services rendered and to pay QLG future attorneys' fees and costs in this matter. ESEALIFE stated it cannot afford to pay QLG to provide its defense in this matter.

5. As a result of this breakdown in the relationship between ESEALIFE and QLG, QLG is no longer able to effectively represent ESEALIFE in connection with this dispute and, therefore, seeks leave to withdraw as counsel.

6. On May 23, 2008, ESEALIFE directed QLG, in writing, to cease its

representation of ESEALIFE and further stated that QLG is no longer authorized to make representations on behalf of ESEALIFE in this or any other proceeding. I have not included a copy of that writing due to concerns with attorney-client privilege, but I am prepared to make that writing available to the Court for *in camera* review should it be necessary.

7.  QLG does not anticipate that ESEALIFE will request any continuance of the trial since ESEALIFE has been apprised of this Court's general policy of not granting continuances of trial without good cause shown and ESEALIFE has consented to QLG's request to withdrawal as counsel. Due to the attorney-client privilege, the attorney work product doctrine and the Rules of Professional Conduct, I have not attached any correspondence or other exhibits relating to my communications with ESEALIFE, nor have I attempted to describe my communications with ESEALIFE aside from confirming the required notices and ESEALIFE's consent to the withdrawal. To reiterate, if requested by the Court, I will submit a declaration in camera detailing the nature of the breakdown in the attorney-client relationship that necessitates the relief sought herein.

8.  On multiple occasions during the week from June 11, 2008 through June 17, 2008 I held several telephone conferences with the counsel of record for plaintiff Aqua Logic, Inc. ("Aqua Logic"), Mr. Ross Simmons of the Simmons Firm, wherein I informed him of our intention to renew our prior Motion to Withdraw on an *ex parte* application. During each of those conversations Mr. Simmons indicated that he did not believe Aqua Logic would oppose any such application.

9.  Over the past three months I have participated in multiple settlement conferences before Magistrate Porter, and it was been acknowledged by all participants at the last session on May 30, 2008 that it has become clear that the settlement of this matter is not imminent.

10. On June 18, 2008, at approximately 9:40 a.m., I left a detailed

telephone message for counsel of record for the Plaintiff in this case, Mr. Simmons, indicating the time and place that we intended to bring the *ex parte* application to withdraw as counsel of record in this matter.

11. Also on June 18, 2008, at approximately 9:49 a.m., I sent Mr. Simmons a detailed email giving him notice that that previously discussed *ex parte* application to withdraw would be filed today, and that he would have 24-hours to provide any opposition. A true and correct copy of my email to Mr. Simmons is attached hereto as Exhibit "A."

12. Later on June 18, 2008, at approximately 10:23 a.m., I received a responsive email from Mr. Simmons indicating that Aqua Logic would not oppose the *ex parte* application, and instead that they intended to file some sort of notice to the Court indicating that non-opposition unambiguously. A true and correct copy of the email I received from Mr. Simmons is attached hereto as Exhibit "B."

13. Also on June 18, 2008, at approximately 9:45 a.m., I left a detailed voice-mail message for the owner of Defendants, Mr. Ken Li, describing the *ex parte* application that was to be filed, the time and place of its filing, and explaining his opportunity to oppose the application. I have restrained the description of this notice to generalities due to the potential attorney-client privilege issues.

14. Also on June 18, 2008, at approximately 9:55 a.m., I sent an email to ESEALIFE giving them notice that that *ex parte* application to withdraw would be filed today, and that its options for opposition. The text of that email is available for *in camera* review if so required, but not attached due to privilege concerns.

15. Later on June 18, 2008, at approximately 2:35 p.m., I held a telephone conversation with Mr. Li, wherein he indicated that ESEALIFE does not intend to oppose the relief sought by QLG's *Ex Parte* Application to Withdraw.

16. On June 18, 2008 QLG was informed that Plaintiff Aqua Logic has filed two motions in this matter, scheduled to be heard on July 21, 2008, including a motion seeking to add Mr. Ken Li as an individual defendant in this matter, and a

1 second motion seeking to strike the stipulation to set aside default that was entered
2 in this case.

4   I declare under penalty of perjury under the laws of the State of California
5 and the United States of America that the foregoing is true and correct and that this
6 was executed on the 18th day of June 2008 at Woodland Hills, California.

_____
John M. Houkom

# EXHIBIT "A"

## John Houkom

**From:** John Houkom
**Sent:** Wednesday, June 18, 2008 9:49 AM
**To:** Ross G. Simmons
**Cc:** John Houkom
**Subject:** Aqua Logic v. eSealife, et al. -- Notice of Ex Parte Application

Dear Ross,

    As we discussed in our prior telephone call and as I informed you in my telephone message of earlier today, our firm will be filing its *Ex Parte* Application to be relieved as counsel for the Defendants in the above-entitled case later today. As you know, such applications are handled without appearances, but you will have 24-hours to provide a written opposition should you so chose.

    During our prior discussions you indicated to me that you and your client do not intend to oppose that application. If your position has changed for any reason, please let me know immediately so that I can ensure that the papers we file with the Court accurately reflect your position.

    Thank you.

Very truly yours,
John M. Houkom
**Quintana Law Group, APC**
Warner Center Tower
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367
Phone: (818) 914-2100
Fax: (818) 914-2101
Email: john@qlglaw.com

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

Treasury Circular 230 Disclosure -- In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code. If this communication contains any U.S. tax advice that is used or referred to in the promoting, marketing, or recommending to another party any transaction or matter addressed herein, this communication should be construed as written to support the promoting, marketing or recommending of the transaction or matter addressed by this communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by us on disclosure of the tax treatment or tax structure of the transaction or matter.

6/18/2008

# EXHIBIT "B"

## John Houkom

**From:** Ross G. Simmons [ross@rblaw.com]
**Sent:** Wednesday, June 18, 2008 10:23 AM
**To:** John Houkom
**Cc:** 'Diana Niquette'
**Subject:** RE: Aqua Logic v. eSealife, et al. -- Notice of Ex Parte Application

Dear John:

Thank you for this, and for your voice message this morning.

I know the court likes to here from us, for certainty, so we will try to file something similar to what we did before, just to insure that our nonopposition is of record.

Our hearing dates were confirmed this morning, and motions are being filed today. Again, July 21 at 10:30. You will be served in the ordinary course.

Otherwise, I assume that we are a go for Friday afternoon, and will see you there.

Ross G. Simmons
THE SIMMONS FIRM, ALC
Suite 390 The Promontory
11440 West Bernardo Court
San Diego, CA  92127-1655
v - (858) 676-1668 x304
f - (858) 676-1839
ross@rblaw.com
www.rblaw.com

U.S. Treasury Circular 230 Notice:  Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties, or (ii) promoting, marketing, or recommending to another party any tax-related matter addressed herein.

**From:** John Houkom [mailto:John@qlglaw.com]
**Sent:** Wednesday, June 18, 2008 9:49 AM
**To:** Ross G. Simmons
**Cc:** John Houkom
**Subject:** Aqua Logic v. eSealife, et al. -- Notice of Ex Parte Application

Dear Ross,

As we discussed in our prior telephone call and as I informed you in my telephone message of earlier today, our firm will be filing its *Ex Parte* Application to be relieved as counsel for the Defendants in the above-entitled case later today. As you know, such applications are handled without appearances, but you will have 24-hours to provide a written opposition should you so chose.

During our prior discussions you indicated to me that you and your client do not intend to oppose that application. If your position has changed for any reason, please let me know immediately so that I can ensure that the papers we file with the Court accurately reflect your position.

Thank you.

Very truly yours,
John M. Houkom
**Quintana Law Group, APC**

6/18/2008

Warner Center Tower
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367
Phone: (818) 914-2100
Fax: (818) 914-2101
Email: john@qlglaw.com

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

Treasury Circular 230 Disclosure – In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code. If this communication contains any U.S. tax advice that is used or referred to in the promoting, marketing, or recommending to another party any transaction or matter addressed herein, this communication should be construed as written to support the promoting, marketing or recommending of the transaction or matter addressed by this communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by us on disclosure of the tax treatment or tax structure of the transaction or matter.

6/18/2008

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 21650 Oxnard Street, Suite 700, Woodland Hills, California 91367.

On June 18, 2008, I served the document described as

**POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION OF THE QUINTANA LAW GROUP, APC TO WITHDRAW AS COUNSEL FOR DEFENDANTS ESEALIFE, INC. AND ESEALIFE AQUATICS, INC.; DECLARATION OF JOHN M. HOUKOM IN SUPPORT**

on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[X]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ]   BY NEXT-DAY DELIVERY: Via Federal Express. I am readily familiar with my employer's practice for the collection and processing of correspondence via Federal Express. In the ordinary course of business, this correspondence would be dropped off at the Federal Express office located at 21816 Victory Boulevard, Woodland Hills, California 91367.

[ ]   BY FACSIMILE: I caused such document to be sent via facsimile to the names and facsimile numbers listed below and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on June 18, 2008 at Woodland Hills, California.

Beatriz Singleton

Quintana Law Group, APC

11

07 CV 2119 H (POR)

## SERVICE LIST

Ross G. Simmons (SBN 144656)
**THE SIMMONS FIRM, ALC**
11440 West Bernardo Court, Suite 390
San Diego, California 92127

Attorneys for Plaintiff
Aqua Logic, Inc.


Mr. Ken Li
eSealife, Inc.
eSealife, Aquatics, Inc.
4647 Pine Timbers Street, Suite 120
Houston, Texas 77041

Officer of Defendants eSealife, Inc. and eSealife, Aquatics, Inc.

## PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 21650 Oxnard Street, Suite 700, Woodland Hills, California 91367.

On June 18, 2008, I served the document described as

**POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION OF THE QUINTANA LAW GROUP, APC TO WITHDRAW AS COUNSEL FOR DEFENDANTS ESEALIFE, INC. AND ESEALIFE AQUATICS, INC.; DECLARATION OF JOHN M. HOUKOM IN SUPPORT**

on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[ ]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]   BY NEXT-DAY DELIVERY: Via Federal Express. I am readily familiar with my employer's practice for the collection and processing of correspondence via Federal Express. In the ordinary course of business, this correspondence would be dropped off at the Federal Express office located at 21816 Victory Boulevard, Woodland Hills, California 91367.

[ ]   BY FACSIMILE: I caused such document to be sent via facsimile to the names and facsimile numbers listed below and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on June 18, 2008 at Woodland Hills, California.

_____
Beatriz Singleton

Quintana Law Group, APC

13

07 CV 2119 H (POR)

## SERVICE LIST

Mr. Ken Li
eSealife, Inc.
eSealife, Aquatics, Inc.
4647 Pine Timbers Street, Suite 120
Houston, Texas 77041

Officer of Defendants eSealife, Inc. and eSealife, Aquatics, Inc.