# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| AQUA LOGIC, INC., | CASE NO. 07-CV-2119-H (POR) |
| --- | --- |
| Plaintiff, | ORDER: |
| vs. | (1) DENYING WITHOUT PREJUDICE MOTION FOR RELIEF FROM ORDER VACATING DEFAULTS; |
| ESEALIFE, INC.; ESEALIFE AQUATICS, INC.; and DOES 1-10 inclusive., | (2) DENYING WITHOUT PREJUDICE MOTION TO AMEND COMPLAINT; AND |
| Defendants. | (3) DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW AS COUNSEL |

On June 18, 2008, the parties filed three motions. Aqua Logic, Inc. ("Aqua Logic") filed a motion to reinstate defaults that were vacated pursuant to the parties joint motion of January 2, 2008. (Doc. No. 31.) Aqua Logic also filed a motion to amend the complaint to add claims against Mr. Ken Li, owner of the defendant corporations ("Defendants"). (Doc. No. 32.) Finally, Quintana Law Group ("QLG") brought a motion to withdraw as counsel for the defendant corporations. (Doc. No. 33.)

The Court concludes that these motions are suitable for determination on the papers submitted thus far. Aqua Logic has stated that it does not oppose QLG's motion

to withdraw, but a corporation may not appear pro se.  (<u>See</u> Doc. No. 34.)

## Motion for Relief from Prior Order

On January 3, 2008, the Court set aside defaults against Defendants, based on the parties' joint motion. (<u>See</u> Doc. Nos. 6-7.)  Aqua Logic now seeks to set aside those defaults, arguing that Defendants have subsequently hindered the proceedings and committed fraud.  The Court declines to set aside its order.  Defendants have entered an appearance and have not yet violated any Court order.  The Court may consider a default or other sanctions in light of any further developments.  If, for example, Defendants fail to respond to a discovery request, e.g. a request for production of documents, Aqua Logic could pursue appropriate remedies, such as a motion to compel and sanctions for any continued failure to comply.  The Court denies this motion without prejudice.

## Motion to Amend Complaint

Though the Court understands Aqua Logic's reasons for wanting to substitute Mr. Li for one of the Doe defendants, the Court concludes that the better course is to require Aqua Logic to bring any action against Mr. Li separately.  Courts generally grant leave to amend freely. <u>See</u> Fed. R. Civ. P. 15(a).  Doe pleading, however, "is not favored." <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980).  This does not appear to be a case where Mr. Li's identity could not have been determined without discovery.  Furthermore, adding another defendant may complicate this case and frustrate Aqua Logic's purpose of pursuing a default against the Defendants. The Court denies the motion to amend without prejudice.

## Motion to Withdraw

The Court previously denied QLG's motion to withdraw without prejudice, indicating that QLG could submit a motion with proposed new counsel.  QLG has not indicated that there is substitute counsel.  (<u>See</u> Doc. No. 15.)  The Court declines to allow QLG to withdraw at this time.  "It is a longstanding rule" that corporations may not appear in court pro se.  <u>D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.</u>, 366 F.3d

972, 973-74 (9th Cir. 2004).  QLG's position, though unfortunate, is a risk that attorneys face in undertaking representation of a corporation.  The Court denies QLG's motion without prejudice.

### Conclusion

For the reasons stated above, the Court denies the three motions at issue without prejudice.

IT IS SO ORDERED.

DATED:  June 20, 2008

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.