Andres F. Quintana (SBN 190525)
**QUINTANA LAW GROUP**
A Professional Law Corporation
Warner Center Tower
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367
Telephone: (818) 914-2100
Facsimile: (818) 914-2101
Email: andres@qlglaw.com

Attorneys for Defendants
eSealife, Inc. and eSealife Acquatics, Inc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA LOGIC, INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>ESEALIFE, INC., a Texas corporation, formerly known as AQUALOGICS, INC.; ESEALIFE AQUATICS, INC., a Texas corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. 07 CV 2119 H (POR)<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF SECOND MOTION OF THE QUINTANA LAW GROUP, APC TO WITHDRAW AS COUNSEL FOR DEFENDANTS ESEALIFE, INC. AND ESEALIFE AQUATICS, INC.; DECLARATION OF ANDRES F. QUINTANA IN SUPPORT**<br><br>Date: September 8, 2008<br>Time: 10:30 a.m.<br>Place: Department 13<br><br>[Notice of Motion and Motion Filed Concurrently Herewith and [Proposed] Order Lodged Concurrently Herewith] |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Quintana Law Group, APC ("QLG") moves this Court for an Order allowing it to withdraw as attorneys of record for Defendants eSealife, Inc. and eSealife Aquatics, Inc. (collectively "ESEALIFE" or "Defendants"), corporations that were organized under the laws of the State of Texas due to several factors:

(1) ESEALIFE is no longer an ongoing business entity, and, therefore, ESEALIFE has no apparent ability to (a) participate in and assist with the defense of the present litigation, or (b) pay either the outstanding sums due and owing QLG for professional legal services rendered or to pay QLG future attorneys' fees and costs in this matter;

(2) ESEALIFE has refused to heed the advice and counsel of its current counsel of record, QLG, in relation to this case;

(3) ESEALIFE has informed QLG in writing that QLG is no longer authorized to make any representations on behalf of ESEALIFE, and that ESEALIFE does not wish to be represented by QLG in this matter; and,

(4) QLG has been unable to obtain any information from ESEALIFE regarding any potential alternative counsel that could represent ESEALIFE in this matter, leaving QLG no opportunity to apply to this Court for a substitution of counsel rather than a withdrawal.

The continuing representation of ESEALIFE has become unreasonably difficult, if not impossible, and has been actively repudiated by the Defendants ESEALIFE. QLG respectfully requests that it be relieved as counsel for ESEALIFE. ESEALIFE has consented to QLG's withdrawal.

### II. BACKGROUND

On November 5, 2007, Plaintiff Aqua Logic, Inc. ("Aqua Logic" or "Plaintiff") filed its Complaint against ESEALIFE alleging, among other things,

trademark infringement, dilution and cybersquatting. Declaration of Andres F. Quintana ("Quintana Decl."), ¶2. On or about January 10, 2008, ESEALIFE answered the complaint. Id. QLG has provided substantial professional legal services on behalf of ESEALIFE in this action.

On April 15, 2008, ESEALIFE informed QLG that it has shut its doors, is not generating revenue, and cannot afford to pay QLG for the attorneys' fees and costs it expects to incur in this case. Quintana Decl. ¶3. During a telephone conference with Andres Quintana on that day ESEALIFE also verbally agreed that QLG should withdraw from this case. Id.

On or about April 18, 2008, QLG filed and served its initial Motion to Withdraw from its representation of ESEALIFE. Quintana Decl., ¶8. On or about May 13, 2008, this Court denied QLG's Motion to Withdraw without prejudice, citing both the corporate nature of the Defendants and the perceived likelihood of settlement in the near term. Quintana Decl., ¶9; see also Exhibit "A."

After additional settlement negotiations before the Magistrate Judge, which were unsuccessful, ESEALIFE directed QLG, in writing, to cease its representation of ESEALIFE, and further, that QLG no longer had the authority to make any representations on behalf of ESEALIFE. Quintana Decl., ¶10. On or about June 18, 2008, QLG filed an *ex parte* application seeking to withdraw from its representation of ESEALIFE, but that application was also rejected by this Court on or about June 20, 2008. Quintana Decl., ¶11.

The Settlement of this matter has not materialized, and at this juncture all parties, including the Magistrate Judge assigned to this matter, have reached the conclusion that settlement is unlikely. Quintana Decl., ¶12. In addition, during the course of this litigation, QLG has provided advice and counsel to ESEALIFE, but since at least April 15, 2008, ESEALIFE has failed and/or refused to heed the advice and counsel provided by QLG, and instead has acted in contradiction to the advice provided by its counsel on several occasions. Quintana Decl., ¶13.

1   At his time, QLG has neither the authority nor the ability to represent
2   ESEALIFE as this matter moves forward.

### III. QLG'S REQUEST FOR LEAVE OF COURT TO WITHDRAW AS COUNSEL SHOULD BE GRANTED

Granting a request for withdrawal of representation is in the discretion of the trial court. Whiting v. Lacara, 187 F.3d 317, 320 (2nd Cir. 1999); Fleming v. Harris, 39 F.3d 905, 908 (8th Cir. 1994); Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). QLG has appeared for ESEALIFE in connection with the above-captioned dispute.

Within the last several months, the attorney-client relationship between ESEALIFE and QLG has broken down, making continuing representation unreasonably difficult, if not impossible. See Quintana Decl. ¶¶3-7, 10, 13. First, ESEALIFE is apparently no longer an ongoing business in the State of Texas. Id. at ¶3. Thus, QLG's ability to conduct and respond to discovery, and prepare ESEALIFE's defense of Aqua Logic's complaint has been rendered virtually impossible. Id.

Second, aggravating these circumstances, QLG has provided substantial professional legal services on behalf of ESEALIFE in this lawsuit. Quintana Decl. ¶4. ESEALIFE currently owes QLG sums for these professional legal services. Moreover, since ESEALIFE is apparently no longer an ongoing business in the State of Texas, or anywhere, it is unlikely that QLG will be paid for these professional legal services. Id. at ¶¶3-4. The non-payment of attorneys' fees, by itself, is a valid basis for the Court to grant counsel's motion to withdraw. See McGuire v. Wilson, 735 F.Supp 83, 84-85 (S.D.N.Y. 1990) (attorney allowed to withdraw when attorneys fees unpaid); Boyle v. Revici No. 83 8997, 1987 WL 28707, *1 (S.D.N.Y. 1987) (withdrawal granted where attorney filed affidavit showing client's refusal to assure payment of monies due).

Further, the Rules of Professional Responsibility support withdrawal in the

present circumstances, either where the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively" or where the client "breaches an agreement or obligation to the [attorney] as to expenses or fees." California Rules of Professional Conduct 3 700(C)(1)(d) and (f). Here, both situations exist.

QLG has given ESEALIFE written notice pursuant to Southern District Local Rule CivLR 83.3(g)(3)(a) of QLG's intention to obtain leave to withdraw as counsel in this case and the requirement that ESEALIFE appear through counsel and the possible consequences of its failure to do so. Quintana Decl. ¶6. In response to that information ESEALIFE verbally consented to this withdrawal by QLG. Id.

Further, after this Court denied QLG's initial motion to withdraw from its representation of ESEALIFE, ESEALIFE directed QLG, in writing, to refrain from any future representation of ESEALIFE. Quintana Decl., ¶10. This repudiation of QLG's representation of ESEALIFE prevents QLG from taking any active role in this litigation and from making any representations on ESEALIFE's behalf. The futility of the representation has also been made apparent through ESEALIFE's refusal to heed the advice and counsel of QLG, resulting in instances where ESEALIFE acted contrary to the advice and counsel of QLG. Quintana Decl., ¶13.

In addition, despite requests from QLG, ESEALIFE has failed to obtain any alternative counsel in this matter, which would allow QLG to be substituted out as counsel of record, rather than withdrawing. This is despite being informed by QLG that ESEALIFE must obtain new counsel in order to appear or otherwise actively participate in this litigation.

Finally, plaintiff Aqua Logic will not be prejudiced since QLG does not anticipate that ESEALIFE will request any continuance of the trial in this matter. Quintana Decl. ¶7.

Because of financial failure of ESEALIFE's business, ESEALIFE's failure to heed the counsel of QLG and ESEALIFE's express repudiation of QLG's representation of ESEALIFE in this matter, the relationship between QLG and

ESEALIFE has broken down to the point where QLG can no longer continue to effectively represent ESEALIFE. In sum, the circumstances eroding the relationship between ESEALIFE and QLG support withdrawal. Thus, QLG respectfully requests that it be allowed to withdraw from representing ESEALIFE in this action effective immediately.

## IV. CONCLUSION

For all of the foregoing reasons, QLG respectfully requests that its Second Motion to Withdraw as Counsel be granted.

DATED: August 4, 2008

QUINTANA LAW GROUP
A Professional Law Corporation

By: _____
Andres F. Quintana
Attorneys for Defendants
eSealife, Inc. and eSealife Aquatics, Inc.

## DECLARATION OF ANDRES F. QUINTANA

I, Andres F. Quintana, declare:

1. I am an attorney at law duly licensed to practice before this court and am a principal of the Quintana Law Group, APC ("QLG"), counsel of record herein for defendants eSealife, Inc. and eSealife, Aquatics, Inc., corporations that were duly organized under the laws of the State of Texas ("ESEALIFE"). Unless otherwise stated, I have personal knowledge of the facts set forth herein and if called as a witness could competently testify thereto.

2. On November 5, 2007, plaintiff Aqua Logic, Inc. ("Aqua Logic") filed its Complaint against ESEALIFE alleging, among other things, trademark infringement, dilution and cybersquatting. On or about January 10, 2008, ESEALIFE answered the complaint.

3. ESEALIFE is apparently no longer an ongoing business entity in the State of Texas (or elsewhere), therefore, QLG's ability to conduct and respond to discovery and prepare ESEALIFE's defense of Aqua Logic's complaint has been (and will be) rendered virtually impossible. I was definitively informed of the fact that ESEALIFE is no longer doing business on or about April 15, 2008.

4. QLG has provided substantial professional legal services on behalf of ESEALIFE in this lawsuit. ESEALIFE currently owes QLG sums for these professional legal services. Since ESEALIFE is apparently no longer an ongoing business, it remains unlikely that ESEALIFE will pay both outstanding sums due and owing QLG for professional legal services rendered and to pay QLG future attorneys' fees and costs in this matter. ESEALIFE stated it cannot afford to pay QLG to provide its defense in this matter.

5. As a result of this breakdown in the relationship between ESEALIFE and QLG, QLG is no longer able to effectively represent ESEALIFE in connection with this dispute and, therefore, seeks leave to withdraw as counsel.

6. On April 15, 2008, after having prior discussions with ESEALIFE in

1  which it was informed of QLG's intention to move for leave to withdraw as counsel, I held a telephonic conference with the representative of ESEALIFE informing them of QLG's intention, and confirmed that communication in writing. Further, ESEALIFE was informed of the requirement that it appear through counsel and the possible consequences of its failure to do so. With QLG's provision of this information to ESEALIFE, ESEALIFE nonetheless indicated that it would consent to the withdrawal of QLG as ESEALIFE's attorneys of record.

7.  QLG does not anticipate that ESEALIFE will request any continuance of the trial since ESEALIFE has been apprised of this Court's general policy of not granting continuances of trial without good cause shown and ESEALIFE has consented to QLG's request to withdrawal as counsel. Due to the attorney-client privilege, the attorney work product doctrine and the Rules of Professional Conduct, I have not attached any correspondence or other exhibits relating to my communications with ESEALIFE, nor have I attempted to describe my communications with ESEALIFE aside from confirming the required notices and ESEALIFE's consent to the withdrawal. To reiterate, if requested by the Court, I will submit a declaration in camera detailing the nature of the breakdown in the attorney-client relationship that necessitates the relief sought herein.

8.  On or about April 18, 2008, QLG filed and served its initial Motion to Withdraw from its representation of ESEALIFE.

9.  On or about May 13, 2008, this Court denied QLG's Motion to Withdraw without prejudice, citing both the corporate nature of the Defendants and the perceived likelihood of settlement in the near term. Attached hereto as Exhibit "A" is a true and correct copy of the Court's Order denying QLG's first Motion to Withdraw.

10. ESEALIFE directed QLG, in writing, to cease its representation of ESEALIFE, and further stated that QLG no longer had the authority to make any representations on behalf of ESEALIFE. Due to the attorney-client privilege, the

attorney work product doctrine and the Rules of Professional Conduct, I have not attached any correspondence or other exhibits relating to my communications with ESEALIFE, nor have I attempted to describe my communications with ESEALIFE aside from confirming the required notices and ESEALIFE's consent to the withdrawal. To reiterate, if requested by the Court, I will submit a declaration in camera detailing the nature of the breakdown in the attorney-client relationship that necessitates the relief sought herein.

11. On or about June 18, 2008, QLG filed an *ex parte* application seeking to withdraw from its representation of ESEALIFE, but that application was also rejected by this Court on or about June 20, 2008.

12. The Settlement of this matter has not materialized, and at this juncture all involved, including opposing counsel and the Magistrate Judge assigned to this case, have expressed that settlement is unlikely.

13. Since at least April 15, 2008, ESEALIFE has failed and/or refused to heed the advice and counsel provided by QLG, and instead has acted in contradiction to the advice provided by its counsel on several occasions. Once again, due to the attorney-client privilege, the attorney work product doctrine and the Rules of Professional Conduct, I have not attempted to describe my specific communications with ESEALIFE aside from non-specific generalities. To reiterate, if requested by the Court, I will submit a declaration in camera detailing the nature of the breakdown in the attorney-client relationship that necessitates the relief sought herein.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this was executed on the fourth day of August 2008 at Woodland Hills, California.

_____
Andres F. Quintana

# PROOF OF SERVICE

STATE OF CALIFORNIA       )
                          ) ss:
COUNTY OF LOS ANGELES     )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 21650 Oxnard Street, Suite 700, Woodland Hills, California 91367.

On August 5, 2008, I served the document described as

**POINTS AND AUTHORITIES IN SUPPORT OF SECOND MOTION OF THE QUINTANA LAW GROUP, APC TO WITHDRAW AS COUNSEL FOR DEFENDANTS ESEALIFE, INC. AND ESEALIFE AQUATICS, INC.; DECLARATION OF ANDRES F. QUINTANA IN SUPPORT**

on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[X]  BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ]  BY NEXT-DAY DELIVERY: Via Federal Express. I am readily familiar with my employer's practice for the collection and processing of correspondence via Federal Express. In the ordinary course of business, this correspondence would be dropped off at the Federal Express office located at 21816 Victory Boulevard, Woodland Hills, California 91367.

[ ]  BY FACSIMILE: I caused such document to be sent via facsimile to the names and facsimile numbers listed below and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

[X]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on August 5, 2008 at Woodland Hills, California.

_____
Beatriz Singleton

## SERVICE LIST

Ross G. Simmons (SBN 144656)
**THE SIMMONS FIRM, ALC**
11440 West Bernardo Court, Suite 390
San Diego, California 92127

Attorneys for Plaintiff
Aqua Logic, Inc.


Mr. Ken Li
eSealife, Inc.
eSealife, Aquatics, Inc.
4647 Pine Timbers Street, Suite 120
Houston, Texas 77041

Officer of Defendants eSealife, Inc. and
eSealife, Aquatics, Inc.

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 21650 Oxnard Street, Suite 700, Woodland Hills, California 91367.

On August 5, 2008, I served the document described as

**POINTS AND AUTHORITIES IN SUPPORT OF SECOND MOTION OF THE QUINTANA LAW GROUP, APC TO WITHDRAW AS COUNSEL FOR DEFENDANTS ESEALIFE, INC. AND ESEALIFE AQUATICS, INC.; DECLARATION OF ANDRES F. QUINTANA IN SUPPORT**

on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[ ]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]   BY NEXT-DAY DELIVERY: Via Federal Express. I am readily familiar with my employer's practice for the collection and processing of correspondence via Federal Express. In the ordinary course of business, this correspondence would be dropped off at the Federal Express office located at 21816 Victory Boulevard, Woodland Hills, California 91367.

[ ]   BY FACSIMILE: I caused such document to be sent via facsimile to the names and facsimile numbers listed below and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on August 5, 2008 at Woodland Hills, California.

Beatriz Singleton

Quintana Law Group, APC

12

07 CV 2119 H (POR)

## SERVICE LIST

Mr. Ken Li
eSealife, Inc.
eSealife, Aquatics, Inc.
4647 Pine Timbers Street, Suite 120
Houston, Texas 77041

Officer of Defendants eSealife, Inc. and eSealife, Aquatics, Inc.