Ross G. Simmons (SBN 144656)
Juliette C. Gonsalves (SBN 253369)
**THE SIMMONS FIRM, ALC**
11440 W. Bernardo Ct., Suite 390
San Diego, CA 92127
Phone: (858) 676-1668
Facsimile: (858) 676-1839
Attorney for Plaintiff Aqua Logic, Inc.

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA LOGIC, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ESEALIFE, INC., a Texas corporation, formerly known as AQUALOGICS, INC.; ESEALIFE AQUATICS, INC., a Texas corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 3:07-cv-02119-H-POR<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DISMISSAL OF COMPLAINT WITHOUT PREJUDICE**<br><br>Date: September 8, 2008<br>Time: 10:30 a.m.<br>Place: Department 13<br><br>[Notice of Motion and Motion for Dismissal of Complaint Without Prejudice and Declaration of Ross G. Simmons Filed Concurrently Herewith and [Proposed] Order Lodges Concurrently Herewith] |

Plaintiff Aqua Logic, Inc. moves the Court for an order dismissing this action without prejudice under the provisions of Rule 41(a)(2) of the Federal Rules of Civil Procedure.

1.   The complaint in this case was filed on November 1, 2007. There is no counterclaim in this action that would prevent dismissal under Rule 41(a)(2).

///

///

1

2. The action has not progressed too far for the Court to allow dismissal as it has not yet progressed to trial.

3. Counsel for Plaintiff has diligently prosecuted this case. In contrast, Defendants have been highly uncooperative during the pretrial phase of this case. In the absence of active participation by opposing counsel, and despite Plaintiff's diligence, this case has reached a point where it has become too financially demanding for Plaintiff to continue to pursue at this time in view of the represented insolvency of the corporate Defendants. This motion is premised on the veracity of opposing counsel, and will be withdrawn if those representations are untrue.

4. Plaintiff has made this motion promptly upon determining the need for it. Voluntary dismissal is being requested only nine months after the commencement of this action, time which has been taken-up with the pleadings phase, the federally-required settlement phase, and discovery. Additionally, Plaintiff does not intend to refile.

5. A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will "suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." Phillips v. Illinois Central Gulf Railroad, 874 F.2d 984, 986 (9th Cir. 1989). Legal prejudice is shown "where actual legal rights are threatened or where monetary or other burden appear to be extreme or unreasonable." Westlands Water Dist. v. U.S., 100 F.3d 94, 97 (9th Cir. 1994). Because Plaintiff does not intend to refile this case, Defendants do not run the risk of facing a second litigation on the same facts. In addition, due to the early timing of this motion, costs thus far incurred by Defendants are not extreme or unreasonable.

6. As this is a not a motion for summary judgment, the merits of the parties' claims are not in question. Furthermore, Plaintiff and Plaintiff's counsel are ready to proceed with this case. However, this motion is made an effort to preserve judicial resources and to prevent

Plaintiff from having to incur further expense in an idle pursuit, if Defendants' representations are to be accepted as true. In other trademark cases, voluntary dismissal without prejudice has been granted where the plaintiff has learned through discovery that defendants have not profited from their alleged infringement, and where there was no evidence that plaintiff had delayed in filing the motion to dismiss. See Burns v. Realnetworks, Inc., 359 F. Supp. 2d 1187, 1195 (2004). In the same vein, it would be inequitable to force Plaintiff to pursue this case in the face of Defendants' representations of their own insolvency.

7. An award of costs as a condition of dismissal would be inappropriate in this case because:

    a. There is no risk of "excessive and duplicative expense" of a second litigation since Plaintiff does not intend to refile.

    b. Because this motion is coming before the case has proceeded to trial, the effort and expense of Defendants in preparing for trial is minimal, and certainly no more so than Plaintiff, who was the party harmed by Defendant's infringement.

    c. As mentioned, litigation has not yet progressed to trial phase.

    d. As soon as Plaintiff learned of Defendants' represented insolvency, and opposing counsel's lack of active participation, Plaintiff's diligently moved to dismiss.

    e. If the Court does choose to award costs, Plaintiff would certainly be discouraged from seeking early dismissal and would instead chose to proceed to trial. See Stevedoring Services of America v. Armilla Int'l, 889 F.2d 919, 920-21 (9th Cir. 1989); Williams v. Peralta, 227 F.R.D. 538, 540 (N.D. Cal. 2005); see also Moore's Federal Practice, Civil § 41.40(10)(d) (2005).

8. A motion for voluntary dismissal that is not opposed or met with relevant objection should generally be granted. See, e.g., Genty v. Township of Gloucester, 736 F. Supp. 1322, 1326 (D.N.J. 1990) ("[w]here no parties object, the court should allow the dismissal").

Respectfully submitted,

Dated: 8/6/08

THE SIMMONS FIRM, ALC
Attorneys for Plaintiff

By: /s/
Ross G. Simmons (CBN: 144656)